1   M. Jeffery Kallis, Esq. SBN 190028
    The Law Firm of *KALLIS* & Assoc. p.c.
2   River Park Tower
3   333 W. San Carlos St., 8th Floor
    San Jose, California  95110
4   Tel: 408-971-4655
    Fax: 408-971-4644
5   M_J_Kallis@Kallislaw.Org

6
    Andrew V. Stearns, Esq.,  SBN 164849
7   Steven M. Berki, Esq.,  SBN 212434
    BUSTAMANTE, O'HARA & GAGLIASSO
8   River Park Tower
9   333 W. San Carlos St., 8th Floor
    San Jose, California  95110
    Tel: 408-977-1911
10  Fax: 408-977-0746
    astearns@BOGLAWYERS.com
11  sberki@BOGLAWERS.com

12  For Plaintiff,
    Victor Velasquez
13

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA
15                  COUNTY OF SANTA CLARA
                              Unlimited
16  Victor Velasquez, an individual,         ) Case No.   1-09-CV 152901
17                                           )
                   Plaintiff,                ) Third Amended Complaint For:
18      vs.                                  ) 1. Violation of Civil Rights Code §51.7& 52.1
19                                           )    - Conspiracy to Violate Plaintiff's Civil Rights
    City of Santa Clara, A municipal         )    - Aiding and Abetting Violations of Civil
20  corporation; Steven Burress, as an       )            Rights and Commission of Torts
    individual; Craig Middlekauff, as an     ) 2. Battery
21  individual; Nick Richards, as an individual; ) 3. Assault
22  Chief Stephen Lodge, an individual as     ) 4. Negligence
    DOE 1; Officer Bret Moiseff, as an        ) 5. Intentional Infliction of Emotional
23  individual as DOE 2; Commander Robert     )      Distress
    Mecir as an individual as DOE 3; and Does ) 6. Violation of Civil Rights as Set forth in 42
24  4 through 50, as individuals inclusive,   )      USC §1983
25                                           ) 7. Negligent Training and Supervision Under 42
                   Defendants.                )      USC §1983
26                                           ) 8. Injunctive Relief Under Civil Code §52.1 and
27                                           )      42 USC §1983
                                             )
28                                           ) Complaint Filed: September 21, 2009
                                             ) Trial Date: None

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 1

COMES NOW PLAINTIFF ALLEGING AS FOLLOWS: Plaintiff is amending the Second Amended Complaint as allowed by the Court's Minute Order dated May 31, 2011, which granted Defendant Mecir's demurrer with leave to amend.

1   This is an action for damages sustained by a citizen of the United States, Victor Velasquez, that occurred in the County of Santa Clara, City of San Jose against:

2   The City Of Santa Clara, as the employer of the police personnel involved in the misconduct underlying this Second Amended Complaint (hereinafter "Complaint"), which include violations of the Constitution of the State of California and violations of the Constitution of the United States, and common law torts;

3   The Chief of Police for the City of Santa Clara, as the final decision-maker and supervisory official responsible for the conduct of the subordinate officers and for his failure to: (1) take corrective action with respect to subordinate officers whose vicious and unlawful propensities were well-known; (2) assure proper training and supervision of personnel under his control; and/or (3) implement meaningful procedures to discourage and abate unlawful conduct; and

4   The officers named in this Complaint as individuals who through the use of excess force, unlawfully assaulted and shot the unarmed Plaintiff and therefore violated plaintiff's civil rights as set forth are sued individually as persons under California Civil Code §§51.7 and 52 et seq., and under 42 USC §1983, et.seq. and other common law torts.

JURISDICTION AND VENUE

5   This action is brought pursuant to California Civil Code §§51.7 and 52, et seq. and specifically those provisions dealing with the exercise of civil rights secured by the Constitution of the State of California under Article 1, Section 13; and the Constitution of the United States as protected by 42 USC §1983, et seq.

6   This Court maintains jurisdiction under this action since it is unlimited and (exceeds $25,000) and since the conduct complained of, and the persons whose conduct is complained of, reside within the jurisdictional limits of this Court. Penalties as set by law are $25,000 per

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 2

person found to have violated the plaintiff's rights and per violation of those rights. Under 42 USC §1983, this Court has concurrent jurisdiction over federal civil rights claims.

7    The proper venue for this case is the Superior Court of the County of Santa Clara because all of the acts, omissions, violations, events, and conduct alleged herein occurred in the County of Santa Clara.

8    Plaintiff timely filed California Tort Claim forms with the County of Santa Clara, the City of San Jose and the City of Santa Clara. These claims were denied.

9    Plaintiff was charged with numerous crimes on or about June 20, 2008. Criminal proceedings continued until a plea agreement was reached in 2009. Plaintiff exercised his rights against self-incrimination, which stayed his filing of the civil Complaint until after his criminal plea was accepted by the Court and thus avoid subjecting him to civil discovery which could violate his 5th Amendment Rights and possibly adversely affect the outcome of the criminal case against him.

10 No public agency employee has as a part of his/her scope of employment, the duty, responsibility or the authority to violate a provision of the Constitution of the State of California or the Constitution of the United States protecting an individual's rights. Any employee, agent or representative of a public agency or municipality who violates one or more of these constitutional rights or protections is by definition acting outside the scope of his/her authority and/or employment.

11 To the extent that that the individual defendants violated a provision of the Contitution of the State of California or the Constitution of the United States, to wit, the use of excess force, they did so as individuals acting under color of authority, but outside the scope of their employment.

<u>PARTIES</u>

12 Plaintiff, VICTOR VELASQUEZ is, and at all times relevant to the allegations contained in this Complaint was, a resident of County of Santa Clara and a citizen of the United States (hereinafter referred to as "VELASQUEZ"). He is of Latino descent and a protected class pursuant

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                        Page 3

to California Civil Code §51(e)(5).

13  Plaintiff is informed and believes and thereon alleges that defendant CITY OF SANTA CLARA is a municipal corporation operating within the State of California and, at all relevant times, defendants BURRESS, MIDDLEKAUFF and RICHARDS, sued herein in their individual capacity, *infra*, acted under color of authority vested in them by the CITY OF SANTA CLARA named herein (hereinafter referred to as "SANTA CLARA").

14  Plaintiff is informed and believes and thereon alleges that defendant STEVEN BURRESS is an individual who at all times relevant hereto was acting in his individual capacity as a Sergeant of the Santa Clara Police Department and a resident of the County of Santa Clara. To the extent that this defendant is named in a cause of action for violation of civil rights brought under 42 USC §1983, *et. seq.* it is alleged the defendant was acting in his individual capacity and under color of authority.  To the extent that he is named in a cause of action brought under California Civil Code § 51.7 or 52, 52.1, *et. seq.* or any common law tort he is named in his individual capacity only. To the extent that his actions violated the civil rights of the plaintiff, BURRESS was acting outside the scope of his employment and is alleged to be individually liable.

15  Plaintiff is informed and believes and thereon alleges that defendant CRAIG MIDDLEKAUFF was acting in his individual capacity as a Sergeant of the Santa Clara Police Department and a resident of the County of Santa Clara. To the extent that this defendant is named in a cause of action for violation of civil rights brought under 42 USC §1983, *et. seq.* it is alleged the defendant was acting in his individual capacity and under color of authority.  To the extent that he is named in a cause of action brought under California Civil Code § 51.7 or 52, 52.1, *et. seq.* or any common law tort he is named in his individual capacity only. To the extent that his actions violated the civil rights of the plaintiff, MIDDLEKAUFF was acting outside the scope of his employment and is alleged to be individually liable.

16  Plaintiff is informed and believes and thereon alleges that defendant NICK RICHARDS was acting in his individual capacity as a Detective for the Santa Clara Police Department and a resident of the County of Santa Clara. To the extent that this defendant is named in a cause of

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                Page 4

action for violation of civil rights brought under 42 USC §1983, et. seq. it is alleged the defendant was acting in his individual capacity and under color of authority. To the extent that he is named in a cause of action brought under California Civil Code § 51.7 or 52, 52.1, et. seq. or any common law tort he is named in his individual capacity only. To the extent that his actions violated the civil rights of the plaintiff, RICHARDS was acting outside the scope of his employment and is alleged to be individually liable.

17 At all relevant times hereto, defendants BURRESS, MIDDLEKAUFF and RICHARDS were acting under color of authority as sworn police officers of the SANTA CLARA, and were supervised by the Santa Clara Police Department and City of Santa Clara. Notwithstanding acting under color of authority, through the acts and/or omissions alleged herein, said defendants were acting outside the scope of their employment. BURRESS, MIDDLEKAUFF and RICHARDS will be referred to collectively herein as "SCPD DEFENDANTS."

18 Plaintiff substitutes as DOE 1 CHIEF STEPHEN LODGE, who plaintiff is informed and believes and thereon alleges is and was, at all times relevant hereto, the Chief of Police of the Santa Clara Police Department and has a mandatory duty to establish policies and procedures to insure the department and its members are properly trained and supervised so that individual rights under the Constitution of the State of California and the Constitution of the United States are not violated by any member of the Santa Clara Police Department. At all times relevant, LODGE worked in Santa Clara County and is believed to be a resident of Santa Clara County.

19 Plaintiff substitutes as DOE 2 OFFICER BRET MOISEFF. Plaintiff is informed and believes and thereon alleges MOISEFF is and was, at all times relevant hereto, a member of the San Jose Police Department. At all times relevant, MOISEFF worked in Santa Clara County and is believed to be a resident of Santa Clara County. To the extent that this defendant is named in a cause of action for violation of civil rights brought under 42 USC §1983, et. seq. it is alleged the defendant was acting in his individual capacity and under color of authority. To the extent that he is named in a cause of action brought under California Civil Code § 51.7 or 52, 52.1, et. seq. or any common law tort he is named in his individual capacity only. To the extent that his actions

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 5

violated the civil rights of the plaintiff, MOISEFF was acting outside the scope of his employment and is alleged to be individually liable.

20 Plaintiff substitutes as DOE 3 COMMANDER ROBERT MECIR.  Plaintiff is informed and believes and thereon alleges defendant MECIR is and was, at all times relevant hereto, a member of SCCSET and the person in charge thereof.  At all times relevant, defendant MECIR worked in Santa Clara County and is believed to be a resident of Santa Clara County. To the extent that this defendant is named in a cause of action for violation of civil rights brought under 42 USC §1983, *et. seq.* it is alleged the defendant was acting in his individual capacity and under color of authority.  To the extent that he is named in a cause of action brought under California Civil Code § 51.7 or 52, 52.1, *et. seq.* or any common law tort he is named in his individual capacity only. To the extent that his actions violated the civil rights of the plaintiff, MECIR was acting outside the scope of his employment and is alleged to be individually liable.

21 Plaintiff is unaware of the true identities or capacities of DOES 4 through 50 and on that basis sues them under fictitious names.  Plaintiff is informed and believes and thereon alleges that each defendant sued herein fictitiously is responsible in some manner for the events and occurrences referred to herein.  Once plaintiff discovers the true identity and capacities of DOES 4 through 50, plaintiff will amend his Complaint to identify them by their true names and capacities. To the extent that any DOE defendant is named in a cause of action for violation of civil rights brought under 42 USC §1983, *et. seq.* it is alleged the defendant was acting in his/her individual capacity and under color of authority.  To the extent that he/she is named in a cause of action brought under California Civil Code § 51.7 or 52, 52.1, *et. seq.* or any common law tort he/she is named in his/her individual capacity only. To the extent that his/her actions violated the civil rights of the plaintiff, said DOE was acting outside the scope of his/her employment and is alleged to be individually liable.  Hence, said defendants are not subject to the California Tort Claim Act for their alleged violations of constitutional rights and common law torts.  The California Tort Claim Act also does not apply to actions brought under 42 USC §1983.

22 Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 6

1   each defendant, including DOES 4 through 50, inclusive, was the principal, agent, or supervisor

2   of each of the other defendants, and was acting under color of law at all times relevant hereto as

3   a direct and proximate result of the existence of that relationship.   Further, the acts of

4   defendants, and each of them were ordered, approved, ratified, or acquiesced by the remaining

5   defendants, and each of them.

6                               FACTS COMMON TO ALL CAUSES OF ACTION

7       23 Defendants, identified herein as individuals including, but not limited to, BURRESS,

8   MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 10 through 50, are members of SCCSET,

9   or were called to assist SCCSET, which is a specialized anti-drug multi-agency taskforce.

10  Defendant MOISEFF was in tactical command of the unit and individual defendants at the

11  Marriott Hotel, located on Technology Drive in San Jose, California, on the morning of June 20,

12  2008, as he had prepared the operational plan or approved the plan prepared by MECIR, and

13  briefed the officers who were there to execute an arrest warrant for drug related, non-violent

14  crimes by plaintiff.

15      24 Prior to arriving at the Marriott on June 20, 2008, defendant MOISEFF did a law-

16  enforcement background investigation on VELASQUEZ.   That investigation turned up no

17  convictions for violent felonies such as murder, assault with a deadly weapon or battery with

18  great bodily injury, nor did it show convictions for resisting arrest or any record for using or

19  having used firearms. The only alleged violations identified on the report were for violations of

20  Health & Safety Code §11378 and 11351 (possession for sale of controlled substances); Penal

21  Code §3056 (parole violation); Penal Code §207 (false imprisonment); Penal Code §236 (false

22  imprisonment); and Vehicle Code §10851 (vehicle theft).   There was nothing in the report

23  indicating convictions for these alleged violations.

24      25 On or about June 20, 2008, at approximately 11:00 a.m., plaintiff VELASQUEZ exited the

25  Marriott Hotel. VELASQUEZ was wearing a tank top, with his arms exposed and was caring a

26  bag.

27      26 As plaintiff left the hotel, he was being observed by defendant MOISEFF.   During the

28  observation of the Marriott, MOISEFF was in a dodge Caravan and the other defendants officers

    were in vehicles to the rear of MOISEFF.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 7

27 Plaintiff owned/or operated an Oldsmobile Cutlass (CA # 3SCH646) that was parked in the Marriott parking lot facing the hotel and traveled from the hotel toward his vehicle.  On the way to his vehicle, VELASQUEZ stopped at a Mercedes Benz that was in the parking lot and spoke to a woman who was inside the vehicle, later identified as Esja Papagayo.

28 VELASQUEZ then proceeded to his vehicle, opened the driver's side door and entered his vehicle.

29 Two un-marked vehicles pulled in behind plaintiff's car at or about the time VELASQUEZ entered his vehicle.  Plaintiff is informed and believes and thereon alleges these cars carried defendants BURRESS, MIDDLEKAUFF and RICHARDS.  Plaintiff is further informed and believes and thereon alleges that defendant MOISEFF then pulled his vehicle in behind the plaintiff's vehicle.

30 In the moments between getting into the vehicle and just prior to the incident, VELASQUEZ started the car, and before he could even shift the car into gear, in the rear view mirror he saw individuals approaching the vehicle from the rear with guns drawn.

31 VELASQUEZ, believing the men to be law enforcement officers, raised his hands over his head, in surrender to the yet unidentified, and plain clothed individuals.

32 At the time of the incident VELASQUEZ was unarmed - he did not have a gun, or any stabbing or bludgeoning instrument on his person or in the vehicle.

33 Plaintiff is informed and believes and thereon alleges that defendants BURRESS, MIDDLEKAUFF and RICHARDS exited their vehicle and took positions that were behind the plaintiff's vehicle or off to the side with another vehicle between them and plaintiff's vehicle.

34 Based upon their location in proximity to VELASQUEZ' vehicle, defendant BURRESS, MIDDLEKAUFF and RICHARDS were in no danger of being run over by plaintiff as their vehicles prohibited the plaintiff from going towards them.

35 Plaintiff's vehicle never traveled towards defendants BURRESS, MIDDLEKAUFF and RICHARDS.

36 At no time was any officer in danger of being struck by plaintiff's vehicle.

37 Defendants BURRESS, MIDDLEKAUFF and RICHARDS approached the plaintiff's vehicle

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 8

without their police vests.

38 Defendants BURRESS, MIDDLEKAUFF and RICHARDS saw no weapons being pointed at them prior to firing their weapons at plaintiff.

39 Defendants BURRESS, MIDDLEKAUFF and RICHARDS fired numerous rounds that entered the vehicle through the rear window or the right side window and struck the plaintiff 10 times in the head, hand and torso.

40 Defendants claim that plaintiff was known to *always carry* a handgun. This assertion is shown to be in bad faith in part by the fact that the investigative notes kept by officer MOISEFF do not mention any prior use of weapons or informant information that the plaintiff carried or threatened to use a gun. Assertions plaintiff always carried a gun first appear in the "record" (MOISEFF's police report) after the shooting.[1]

41 Plaintiff was struck by bullets in the back of his left hand, the back of his head, and behind his left ear all of which were fired by defendant RICHARDS through a limo-tinted rear window. Given that officers were behind the seated plaintiff and off to his right, there is no way for the plaintiff to have been shot in the back of his left hand, with the bullet passing directly through to his palm with little or no declination unless his hands were raised to or above his shoulder level – the general position taken indicating surrender. Furthermore, the bullet wounds to his right chest and right torso could not have been inflicted if his arms and hands were down (as alleged in the police reports) since his arms would have covered or partially obstructed the path of the bullets. There were no right arm wounds suffered by the plaintiff. (The plaintiff is heavyset, with large diameter arms.)

42 VELASQUEZ was struck by bullets in the chin, nose, upper right torso and right abdomen by rounds fired by Defendants MIDDLEKAUFF and BURESS. BURRESS, MIDDLEKAUFF and RICHARDS allege in their police reports, reports created after the shooting, that they had information that plaintiff always carried a gun. Said information does not appear on a search

---

[1] There is reference that plaintiff "is normally in possession of several oz.'s of meth., a handgun, and chemicals related to the manufacture of methamphetamine." However, this would be in his home or residence and not on his person.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 9

warrant affidavit filed the day of the shooting.

43 No weapon was found on VELASQUEZ or in his car, or in the vicinity of his car after the shooting.

44 VELASQUEZ never moved his car towards any officer or in the direction of any officer before the shooting.

45 Plaintiff's vehicle was facing the curb in a marked parking space; there were vehicles to his right and left parked in adjacent spaces; in front of plaintiffs vehicle was a line of thick bushes estimated to be 3-4 feet high, and then a row of numerous trees as well as lamp posts; and lacking a tracked vehicle plaintiff's vehicle could not have exited the area in which it was parked.

46 VELASQUEZ' car was boxed in, and unable to leave the area and hence, there was no risk of VELASQUEZ endangering other persons by leaving the area in which he was parked.

47 Once plaintiff had been shot, plaintiff is informed and believes and therein alleges that his vehicle rolled forward.

48 The vehicle was stopped by trees and bushes within 15 to 20 feet.

49 VELASQUEZ believes the first fired round to hit him was fired from behind the vehicle and struck him in the back of his left hand and exited through the palm of his hand.

50 At the time the first shot hit the plaintiff, his hands were raised.

51 VELASQUEZ believes the second shot to hit him was a bullet to the back of his head.

52 When the bullet struck plaintiff in the back of his head he was sitting in the driver's seat, facing the windshield.

53 After being struck in the back of the head, VELASQUEZ is unable to clearly recall the events other than that he fell to his right and forward, hitting the gear shift, and was struck by other shots.

54 VELASQUEZ was aware there were officers around his car prior to the shooting, but does not believe that prior to the shooting the officers yelled any instruction or warning. Based on a video tape of the incident, the plaintiff alleges upon information and belief, that the first audible instructions - to put his hands up - was not made until after all shots were fired.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 10

55 Plaintiff is informed and believes and thereon alleges that defendants BURRESS, MIDDLEKAUFF and RICHARDS [1] fired without warning; [2] were not in imminent danger of either being struck by plaintiff's car or of having plaintiff fire a weapon at them; and [3] no other person was in imminent danger of either being struck by plaintiff's car or of having plaintiff fire a weapon at them.

56 Defendants used threat, intimidation and coercion by firing their weapons at an unarmed person in order to deprive that person of his rights under the Constitution of the State of California and the Constitution of the United States.

57 Plaintiff was taken to Santa Clara County Valley Medical Center where he underwent emergency surgery to his head, hand, lungs and internal organs.

58 Officials with law-enforcement made statements that plaintiff did not suffer life threatening injuries.

59 There was no confirmation of the "informant's" statement to Moiseff that plaintiff carried a gun. Plaintiff is informed and believes and thereon alleges that the "informant" will deny making any such statement. The informant was not a good samaritan, having just been arrested for selling drugs. No independent confirmation of the allegation that plaintiff carries a gun was obtained by MOISEFF despite his having arrested the plaintiff in 2003, and being familiar with plaintiff's non-violent criminal history.  The veracity of the informant was not confirmed and no notations as to the plaintiff always being armed were made on his file picture which was used my MOISEFF to contain relevant information on VELASQUEZ.

60 After VELASQUEZ was shot numerous times, he received extensive medical care that resulted in medical charges of substantially more than $200,000.

61 VELASQUEZ needs ongoing therapy to prevent further deterioration of his left hand, a hand that has lost a significant percentage of its use.

62 VELASQUEZ has painful and debilitating gastrointestinal problems as a result of being shot in the abdomen.

63 VELASQUEZ has been disfigured as a result of having been shot in the face.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 11

64 VELASQUEZ suffers head and neck pain as a direct result of having been shot in the head.

65 VELASQUEZ suffers emotional damage that is most likely related to PTSD caused by being shot multiple times from behind.

### FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS CIVIL CODE § 51.2 & 51.7
### COUNT 1
### DEFENDANTS BURRESS, MIDDLEKAUFF , RICHARDS,
### MOISEFF, MECIR AND DOES 4 THROUGH 50 AS INDIVIDUALS IN THEIR INDIVIDUAL CAPACITY

66 Plaintiff hereby incorporates by reference paragraphs 1 through 62 as though set forth fully herein.

67 Defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their individual capacity only and as individuals, each interfered with or attempted to interfere with VELASQUEZ' constitutional rights by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, as alleged above, in violation of California Civil Code §51.7 and §52.1.

68 VELASQUEZ reasonably believed that if he exercised his constitutional rights, as alleged above, said defendants would commit violence against him or his property and they did in fact commit violent acts when they shot him in the front and back numerous times.

69 Said defendants, in their individual capacity, performed the above alleged acts to prevent VELASQUEZ from enjoying his rights.

70 The law assumes that plaintiff was harmed and is entitled to nominal damages even if no actual damages are shown at trial.

71 The conduct of said defendants, in their individual capacity, was a substantial factor in actually and proximately causing plaintiff's harm, including, but not limited to, his personal injuries as alleged above.

72 Defendants' conduct, as alleged herein, was malicious, oppressive or in reckless disregard of the plaintiff's rights entitling plaintiff to punitive damages.

73 WHEREFORE, the plaintiff prays for relief as requested below.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 12

FIRST CAUSE OF ACTION –VIOLATION OF CIVIL RIGHTS
COUNT 2 –CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS CIVIL CODE § 52.1 AND 51.7
DEFENDANTS BURRESS, MIDDLEKAUFF, RICHARDS
MOISEFF, MECIR, AND DOES 4 THROUGH 50 AS INDIVIDUALS IN THEIR INDIVIDUAL CAPACITY

74 Plaintiff hereby incorporates by reference paragraphs 1 through 69 as though set forth fully herein.

75 Defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their individual capacity only, and as individuals, were aware that each them planned to violate plaintiff's civil rights through the use of force, threat, coercion or intimidation and commit the torts against plaintiff as alleged herein, thus violating Civil Code §52.1 et.seq and §51.7.

76 Each said defendant agreed or joined with the other said defendants by falsifying reports and offering false statements or testimony and/or did fail to stop or report said violation, and among other things, intended that the violations of civil rights and torts be committed as alleged above.

77 The law assumes that plaintiff was harmed and is entitled to nominal damages even if no actual damages are shown at trial.

78 The conduct of said defendants was a substantial factor in actually and proximately causing VELASQUEZ' damages.

79 Defendants' conduct as alleged herein was malicious, oppressive or in reckless disregard of the plaintiff's rights entitling plaintiff to punitive damages.

80 WHEREFORE, the plaintiff prays for relief as requested below.

FIRST CAUSE OF ACTION VIOLATION OF CIVIL RIGHTS
COUNT 3 –AIDING AND ABETTING VIOLATIONS OF CIVIL RIGHTS AND CALIFORNIA STATUTES Under Civil
Code § 52.1 and 51.7
DEFENDANTS BURRESS, MIDDLEKAUFF , RICHARDS
MOISEFF, MECIR AND DOES 4 THROUGH 50 AS INDIVIDUALS IN THEIR INDIVIDUAL CAPACITY

81 Plaintiff hereby incorporates by reference paragraphs 1 through 75 as though set forth fully herein.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court   Velasquez v. The City of Santa Clara et. al.                    Page 13

82 Defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their individual capacity only, and as individuals, were aware the above-alleged violations of civil rights and torts were being or were going to be committed through the use of force, threat, intimidation and coercion by each other defendant against plaintiff and upon the violation did ignore or intentionally facilitated said violation and depriving plaintiff of his rights under the Constitution of the State of California and the Constitution of the United States.

83 Each defendant named herein gave substantial assistance or encouragement to each other defendant.

84 The law assumes that plaintiff was harmed and is entitled to nominal damages even if no actual damages are shown at trial.

85 The conduct of said defendants was a substantial factor in actually and proximately causing VELASQUEZ' damages.

86 Defendants' conduct as alleged herein was malicious, oppressive or in reckless disregard of the plaintiff's rights entitling plaintiff to punitive damages.

87 WHEREFORE, the plaintiff prays for relief as requested below.

SECOND CAUSE OF ACTION – BATTERY
DEFENDANTS BURRESS, MIDDLEKAUFF , RICHARDS
AND DOES 4 THROUGH 50 AS INDIVIDUALS IN THEIR INDIVIDUAL CAPACITY

88 Plaintiff hereby incorporates by reference paragraphs 1 through 81 as though set forth fully herein.

89 Defendants BURRESS, MIDDLEKAUFF, RICHARDS, and DOES 4 through 50, inclusive, in their individual capacity and as individuals, fired their firearms at VELASQUEZ even though his hands were up and struck him with numerous large caliber bullets in this head, hand, nose, ear, and torso. These shots were fired while VELASQUEZ was seated in a car with his hands up and was unarmed.  The shots were fired from the rear and back quarter of VELASQUEZ' body and without his consent or agreement. The battery occurred on June 20, 2008 in broad day-light.

90 Said defendants, in their individual capacity only and as individuals, also used

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 14

unreasonable force to detain, search, and arrest plaintiff during the June 20, 2008 incident.

91 Plaintiff did not voluntarily consent to any use of that force.

92 The law assumes that plaintiff was harmed and he is entitled to nominal damages even if no actual damages are shown at trial.

93 The force used by said defendants, was a substantial factor in actually and proximately causing VELASQUEZ' damages.

94 Defendants' conduct as alleged herein was malicious, oppressive or in reckless disregard of the plaintiff's rights entitling plaintiff to punitive damages.

95 WHEREFORE, the plaintiff prays for relief as requested below.

## THIRD CAUSE OF ACTION–ASSAULT
### DEFENDANTS BURRESS, MIDDLEKAUFF , RICHARDS
### AND DOES 4 THROUGH 50 AS INDIVIDUALS IN THEIR INDIVIDUAL CAPACITY

96 Plaintiff hereby incorporates by reference paragraphs 1 through 88 as though set forth fully herein.

97 Defendants BURRESS, MIDDLEKAUFF, RICHARDS, and DOES 4 through 50, inclusive, in their individual capacity only and as individuals, threatened to use physical violence of VELASQUEZ in a harmful or offensive manner when they pointed numerous firearms at him and threatened to shoot him.

98 It reasonably appeared to VELASQUEZ that said defendants were about to carry out the threat.

99 VELASQUEZ did not consent to defendants' conduct and had his hands up and surrendered when the threat was made.

100     The law assumes that VELASQUEZ was harmed and he is entitled to nominal damages even if no actual damages are shown at trial.

101     VELASQUEZ was harmed.

102     Said defendants' conduct was a substantial factor in actually and proximately

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 15

causing VELASQUEZ' damages.

103      Defendants' conduct as alleged herein was malicious, oppressive or in reckless disregard of the plaintiffs' rights entitling plaintiffs to punitive damages.

104         WHEREFORE, the Plaintiffs pray for relief as requested below.

FOURTH CAUSE OF ACTION- NEGLIGENCE
DEFENDANTS BURRESS, MIDDLEKAUFF, RICHARDS
MOISEFF, MECIR AND DOES 4 THROUGH 50 IN THEIR INDIVIDUAL CAPACITY

105      Plaintiff hereby incorporates by reference paragraphs 1 through 96 as though set forth fully herein.

106      Defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their Individual capacity and as individuals had owed a duty to plaintiff to exercise ordinary care and prudence when performing their police functions, including but not limited to detaining, arresting, searching, and applying force to plaintiff.

107      By engaging in all of the above-alleged wrongful conduct, defendants breached that duty of care owed to plaintiff.

108      The law assumes that plaintiff was harmed and is entitled to nominal damages even if no actual damages are shown at trial.

109      As a proximate result of defendants' breaches, plaintiff has been damaged in an amount to be proven at trial.

110      WHEREFORE, the plaintiff prays for relief as requested below.

FIFTH CAUSE OF ACTION – INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
DEFENDANTS BURRESS, MIDDLEKAUFF, RICHARDS
MOISEFF, MECIR AND DOES 4 THROUGH 50 IN THEIR INDIVIDUAL CAPACITY

111 Plaintiff hereby incorporates by reference paragraphs 1 through 109 as though set forth fully herein.

112  The conduct defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their individual capacity only and as individuals, was outrageous

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court      Velasquez v. The City of Santa Clara et. al.                    Page 16

in shooting an un-armed man from behind multiple times while his hands were raised in surrender and/or approving and promoting that conduct.

113   The conduct of defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their official capacity and as individuals, was with reckless disregard of the probability that Plaintiff would suffer emotional distress, given that plaintiff was shot in the back numerous times and that he was unarmed and had no history of resisting arrest or battery on an officer, and had his hands up at the time of the shooting.

114   The conduct of defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their individual capacity and as individuals, was a substantial factor in actually and proximately causing VELASQUEZ' damages.

115   Defendants' conduct as alleged herein was malicious, oppressive or in reckless disregard of the plaintiffs' rights entitling plaintiffs to punitive damages.

116      WHEREFORE, the plaintiff prays for relief as requested below.

SIXTH CAUSE OF ACTION VIOLATION OF CIVIL RIGHTS AS SET FORTH IN 42 U.S.C. §1983 AGAINST BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR AND DOES 4 THROUGH 50, ACTING AS INDIVIDUALS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY AND ACTION UNDER COLOR OF AUTHORITY FOR VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS AND CONSPIRACY TO VIOLATE PLAINTIFF'S FOURTH AMENDMENT RIGHTS – THE USE OF EXCESS FORCE

117      Plaintiff hereby incorporates by reference paragraphs 1 through 112 as though set forth fully herein.

118      Defendants BURRESS, MIDDLEKAUFF, RICHARDS, MOISEFF, MECIR and DOES 4 through 50, inclusive, in their individual capacity as individuals acting under color of authority, and defendants, and each of them,  acting in their official capacity shot or aided, assisted plotted with  each other in the shooting of the unarmed plaintiff, who was hit numerous times in the back and side. Plaintiff had no criminal history of carrying a weapon or violence against a police officer. He was hit over and over with 45 calibre rounds by one officer who could not see him through the darkened rear window, and had no basis for shooting, and by other officers who

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 17

could see the plaintiff and never saw anything in the plaintiff's hands that resembled or that could have been mistaken for a weapon. In fact, defendants never saw plaintiff move his hands toward them or in their direction.

119     Each defendant named herein gave substantial assistance or encouragement to each other defendant and either engaged in the discharge of their weapons towards a seated unarmed person with no record of any weapon having been found in his possession or on his person, or provided unsupported after the fact justification for the shooting as part of a plan to cover-up the unlawful use of deadly force.

120     Defendants claim that plaintiff was known to always carry a handgun. This assertion is shown to be in bad faith in part by the fact that the investigative notes kept by MOISEFF do not mention any prior use of weapons or informant information that the plaintiff carried or threatened to use a gun. Assertions that first appear in the "record" (MOISEFF'S police report) after the shooting.

121     Plaintiff was struck by bullets in the back of his left hand, the back of his head, behind his left ear all of which were fired by defendant RICHARDS.

122     Given that defendants were behind the seated plaintiff and off to his right, there is no way for the plaintiff to have been shot in the back of his left hand, with the bullet passing directly through to his palm with little or no declination, without his hands being raised to, or above, his shoulder level. Furthermore, the bullet wounds to his right chest and right torso could not have been inflicted if his arms and hands were down (as alleged in the police reports) as his arms would have covered or partially obstructed the path of the bullets. There were no right arm wounds suffered by the plaintiff. (The plaintiff is heavyset, with large diameter arms.)

123     Defendant was struck by bullets in the chin, nose, upper right torso and right abdomen by rounds fired by Defendants MIDDLEKAUFF and BURESS. (MIDDLEKAUFF and RICHARDS allege in their police reports created after the shooting that they had information that plaintiff always carried a gun. Said information does not appear on a search warrant affidavit filed the day of the shooting.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 18

124     No weapon was found on the plaintiff or in his car or in the vicinity of the plaintiff and/or his car after the shooting.

125     The plaintiff never moved his car towards any officer, or in the direction of any officer before the shooting.

126     Defendant's car was blocked in and unable to leave the area due to trees, bushes and an earthen burm in front of his car and a police vehicle behind his car, hence there was no risk of the plaintiff leaving the area he was parked in by car and possibly endangering others.

127     The law assumes that plaintiff was harmed and is entitled to nominal damages even if no actual damages are shown at trial.

128     The conduct of said defendants was a substantial factor in actually and proximately causing VELASQUEZ' damages.

129     Defendants' conduct as alleged herein was malicious, oppressive or in reckless disregard of the plaintiff's rights entitling plaintiff to punitive damages.

130             WHEREFORE, the plaintiff prays for relief as requested below.

### SEVENTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION
### UNDER 42 USC 1983 ET.SEQ. MONEL LIABILITY
### SANTA CLARA, LODGE, BOTH OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY, AND MECIR, AS AN INDIVIDUAL IN HIS INDIVIDUAL CAPACITY

131     Plaintiff hereby incorporates by reference paragraphs 1 through 101 as though set forth fully herein.

132     Defendant SANTA CLARA, as a municipal corporation, Chief LODGE both in his individual and official capacity and Commander MECIR, as an individual, in his individual capacity only, acting under color of authority, owed a duty to plaintiff to exercise to properly train and supervise their police officers in the proper use of deadly force. This duty would include having all officers fully cognizant as to the criteria for using deadly force, when to cease applying deadly force and to be able to make rapid and correct determinations of when deadly force should be used and when to get additional information before using deadly force. The defendants violated that duty and are liable under 42 USC §1983.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court     Velasquez v. The City of Santa Clara et. al.                    Page 19

133    Said defendants planned the arrest of plaintiff and did so without seeking to verify or corroborate information from an un-vetted and known criminal informant who is alleged to have stated that the plaintiff was armed.   Said defendants were not given full and factual information about plaintiff's lack of violent history or were given incorrect information on plaintiff's history.

134    By failing to bring disciplinary actions against BURRESS, MIDDLEKAUFF and RICHARDS, both in their official capacity and as individuals, defendants SANTA CLARA, LODGE and MECIR ratified the conduct of the officers and breached their duty to supervise and properly train their police officers so that individual civil rights are not violated..

135  The law assumes that plaintiff was harmed and is entitled to nominal damages even if no actual damages are shown at trial.

136  As a proximate result of defendants' breaches, plaintiff has been damaged in an amount to be proven at trial.

137    WHEREFORE, the plaintiff prays for relief as requested below.

### EIGHTH CAUSE OF ACTION- INJUNCTIVE RELIEF UNDER CAL. CIVIL CODE § 52.1 AND 42 USC §1983 ET. SEQ.
#### SANTA CLARA, LODGE AND MECIR IN THEIR INDIVIDUAL CAPACITY AND OFFICIAL CAPACITIES

138  Plaintiff hereby incorporates by reference paragraphs 1 through 133 as though set forth fully herein.

139  Defendants SANTA CLARA, LODGE and MECIR have shown a complete disregard for the well established rules on the use of deadly force when they shot the unarmed plaintiff multiple times in the back.

140  After the unprovoked shooting, plaintiff is informed and believes that said defendants took no action to discipline or retrain the individual officers who shot plaintiff, nor was there any change in the SANTA CLARA's policies or the policies of SCCSET.

141  As a result, other persons are in danger of being subject to the unlawful use of deadly force upon their persons.

142  This risk is of grave concern as the likely result of such improper use of force is death.

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 20

143   The plaintiff prays that the Court issue an injunction and grant the injunctive relief set forth below.

WHEREFORE, the plaintiff prays for relief as requested below.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff hereby demands the following relief against all the defendants, individually, jointly and severally:

A.   Actual damages suffered in an amount to be determined by the evidence presented at trial, but in no event less than the jurisdictional minimum of this court.

B.   Nominal damages in the amount of $1.00.

C.   Consequential damages, including but not limited to doctor' and hospitals fees and costs incurred as a result of the excess use of force.

D.   Statutory penalties under California Civil Code §52 pursuant to §52.1 in the amount of $25,000 per violation against each defendant in violation and treble damages as allowed under California Civil Code § 52 et. seq..

E.   Punitive damages.

F.   That plaintiffs recover costs of suit and that plaintiffs' attorneys be awarded attorney's fees pursuant to California Civil Code §§52 and 52.1, and 42 USC §1988 which are intended to protect and benefit the public against violations of rights.

G.   For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them:

1.   From unlawfully using deadly force and for using unnecessary force in violation of the constitutional rights of any person;

2.   To require City of Santa Clara Police Department/The City of Santa Clara, all sworn officers in the Santa Clara Police Department as well as the individual defendants in their official capacity and as individuals to:

a. Train all City of Santa Clara Police Department/The City of Santa Clara, all

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 21

sworn officers in the Santa Clara Police Department as well as the individual defendants in their official capacity and as individuals on the proper use of force, and deadly force so that no person's constitutional rights are violated;

   b. Provide to counsel for plaintiff all complaints filed by citizens against the City of Santa Clara Police Department/The City of Santa Clara, all sworn officers in the Santa Clara Police Department as well as the individual defendants in their official capacity and as individuals for excessive force for a period of five years;

   c. Create detailed plan for training of its police officers on proper arrest procedure, and the proper use of force to comply with any order issued pursuant to this request;

   d. Issue quarterly reports to counsel for plaintiff as well as the public for five years from the date the injunction is issued concerning the efforts made to comply with any order issued pursuant to this request; and

   e. Actively review and supervise the training of its Santa Clara Police Department officers on proper arrest procedure, and the proper use of force to comply with any order issued pursuant to this request.

   H.    For an order requiring defendants to show cause, if any they have, why they should not be enjoined as set forth in this Complaint, during the pendency of this action.

   I.    Such other and further relief as this Court may deem appropriate under the circumstances.


<u>JURY TRIAL REQUESTED</u>

Plaintiff herein requests that this matter be tried by a Jury of 12 with 2 alternates.

Dated June 22, 2011          The Law Firm of *KALLIS* & Assoc. p.c.

_____
M. Jeffery Kallis, Counsel for Plaintiff

BUSTAMANTE, O'HARA & GAGLIASSO

Andrew V. Stearns, Counsel for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Third Amended Complaint

1 09 CV 152901 Santa Clara Superior Court    Velasquez v. The City of Santa Clara et. al.                    Page 23