1 | RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Assistant City Attorney (#93249)
2 | SHANNON SMYTH-MENDOZA, Sr. Deputy City Attorney (#188509)
Office of the City Attorney
3 | 200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
4 | Telephone Number:  (408) 535-1900
Facsimile Number:  (408) 998-3131
5 | E-Mail Address:  cao.main@sanjoseca.gov

6 | Attorneys for Defendant, OFFICER BRET MOISEFF

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN JOSE DIVISION

11

12 | Victor Velasquez, an individual

13 | Plaintiff,

14 | v.

15 | City of Santa Clara, A municipal corporation; Steven Burress, as an individual; Nick Richards, as an individual; Chief Stephen Lodge, an individual as DOE 1; Officer Bret Moiseff, as an individual DOE 2; Commander Robert Mecir as an individual as DOE 3; and Does 4 though 50, as individuals inclusive,

20 | Defendants.

Case Number:  CV11-03588 JF

**OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Defendant, OFFICER BRET MOISEFF, (hereinafter, "Defendant"), responds to Plaintiff VICTOR VELASQUEZ's (hereinafter "Plaintiff") Third Amended Complaint as follows:

1.    In answer to Paragraph 1 of Plaintiff's Third Amended Complaint, Defendant acknowledges that Plaintiff's Third Amended Complaint seeks damages for alleged illegal

1

and unconstitutional conduct but deny that any defendant engaged in any illegal or unconstitutional conduct.

2.      In answer to Paragraphs 2 and 3 of Plaintiff's Third Amended Complaint, these Paragraphs do not apply to this answering Defendant, and, on that basis, Defendant denies each and every allegation contained therein.

3.      In answer to Paragraph 4 of Plaintiff's Third Amended Complaint, Defendant acknowledges that Plaintiff's Third Amended Complaint seeks damages for alleged illegal and unconstitutional conduct but denies that any defendant engaged in any illegal or unconstitutional conduct.

4.      In answer to Paragraph 5 of Plaintiff's Third Amended Complaint, Defendant objects to the legal conclusions and other vague and ambiguous language contained therein, and, based on this, Defendant denies each and every allegation contained therein.

5.      In answer to Paragraph 6 of Plaintiff's Third Amended Complaint, Defendant acknowledges that this action was removed to this Court and does not contest jurisdiction at this time.

6.      In answer to Paragraph 7 of Plaintiff's Third Amended Complaint, Defendant acknowledges that this action was removed to this Court and does not contest venue at this time.

7.      In answer to Paragraph 8 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff submitted a government claim but denies that the action was timely filed in compliance with Government Code section 945.6(a)(1).

8.      In answer to Paragraph 9 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so deny said allegations.

9.      In answer to Paragraph 10 of Plaintiff's Third Amended Complaint, Defendant objects to this Paragraph in that it represents an inappropriate and vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Case Number:  CV11-03588 JF

785841

10.     In answer to Paragraph 11 of Plaintiff's Third Amended Complaint, Defendant objects to this Paragraph in that it represents an inappropriate and vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

11.     In answer to Paragraph 12 of Plaintiff's Third Amended Complaint, Defendant does do not have sufficient information and belief to respond to said allegations and so deny said allegations.

12.     In answer to Paragraphs 13 through 18 of Plaintiff's Third Amended Complaint, these Paragraphs do not apply to this answering Defendant and, on that basis, Defendant denies each and every allegation contained therein.

13.     In answer to Paragraph 19 of Plaintiff's Third Amended Complaint, Defendant admits that Officer Bret Moiseff is a police officer and employee of the City of San Jose acting in the course and scope of his duties at the time, but denies that he is a proper DOE. The remainder of the Paragraph is an inappropriate and vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

14.     In answer to Paragraph 20 of Plaintiff's Third Amended Complaint, this Paragraph does not apply to this answering Defendant and, on that basis, Defendant denies each and every allegation contained therein.

15.     In answer to Paragraph 21 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so deny said allegations.

16.     In answer to Paragraph 22 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so deny said allegations.

17.     In answer to Paragraph 23 of Plaintiff's Third Amended Complaint, Defendant admits that he was assigned to the Santa Clara County Specialized Enforcement Team ("SCCSET") on or about June 20, 2008.  As to the remainder of the allegations in the

3

Paragraph, Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

18.    In answer to Paragraph 24 of Plaintiff's Third Amended Complaint, Defendant admits that he did a law enforcement background investigation on Plaintiff, but Defendant objects as the remaining facts described are impossible to admit or deny since everything is vague as to time, or incorrect as to time, and is not adequately defined by the phrase "prior to arriving". As to the remainder of the allegations in the Paragraph, Defendant does not have sufficient information and belief to respond to said allegations and so deny said allegations.

19.    In answer to Paragraph 25 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff exited the Marriott Hotel on or about June 20, 2008, but denies the remaining allegations contained therein.

20.    In answer to Paragraph 26 of Plaintiff's Third Amended Complaint, Defendant admits the allegations contained therein with the exception of the allegation that "the other defendants officers were in vehicles to the rear of MOISEFF".

21.    In answer to Paragraph 27 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff approached a female, later identified as Esja Papagayo, on the way to his vehicle. Defendant lacks sufficient information and belief and, therefore, denies the remainder of the allegations contained therein.

22.    In answer to Paragraph 28 of Plaintiff's Third Amended Complaint, Defendant admits the allegations contained therein.

23.    In answer to Paragraph 29 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

24.    In answer to Paragraph 30 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

4

25.     In answer to Paragraph 31 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

26.     In answer to Paragraph 32 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

27.     In answer to Paragraph 33 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

28.     In answer to Paragraph 34 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

29.     In answer to Paragraph 35 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

30.     In answer to Paragraph 36 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

31.     In answer to Paragraphs 37 through 39 of Plaintiff's Third Amended Complaint, these Paragraphs do not apply to this answering Defendant, and, on that basis, Defendant denies each and every allegation contained therein.

32.     In answer to Paragraph 40 of Plaintiff's Third Amended Complaint, Defendant denies the allegations contained therein.

33.     In answer to Paragraph 41 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff was struck by bullets.  As to the remainder of the allegations in the Paragraph, Defendant denies the allegations contained therein.

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT                         Case Number:  CV11-03588 JF

785841

34.     In answer to Paragraph 42 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff was struck by bullets.  As to the remainder of the allegations in the Paragraph, Defendant denies the allegations contained therein.

35.     In answer to Paragraph 43 of Plaintiff's Third Amended Complaint, Defendant admits the allegation contained therein.

36.     In answer to Paragraph 44 of Plaintiff's Third Amended Complaint, Defendant denies the allegations contained therein.

37.     In answer to Paragraph 45 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so deny said allegations.

38.     In answer to Paragraph 46 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendants deny each and every allegation contained therein.

39.     In answer to Paragraph 47 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

40.     In answer to Paragraph 48 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

41.     In answer to Paragraph 49 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

42.     In answer to Paragraph 50 of Plaintiff's Third Amended Complaint, Defendant denies the allegations contained therein.

43.     In answer to Paragraph 51 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

44.     In answer to Paragraph 52 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

45.     In answer to Paragraph 53 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

46.     In answer to Paragraph 54 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

47.     In answer to Paragraph 55 of Plaintiff's Third Amended Complaint, this Paragraph does not apply to this answering Defendant, and, on that basis, Defendant denies each and every allegation contained therein.

48.     In answer to Paragraph 56 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendants deny each and every allegation contained therein.

49.     In answer to Paragraph 57 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff was taken to Santa Clara County Valley Medical Center.  As to the remainder of the allegations in the Paragraph, Defendant does not have sufficient information and belief to respond to said allegations and so deny said allegations.

50.     In answer to Paragraph 58 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Case Number:  CV11-03588 JF

785841

51.     In answer to Paragraph 59 of Plaintiff's Third Amended Complaint, Defendant denies the allegations contained therein.

52.     In answer to Paragraph 60 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

53.     In answer to Paragraph 61 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

54.     In answer to Paragraph 62 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

55.     In answer to Paragraph 63 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

56.     In answer to Paragraph 64 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

57.     In answer to Paragraph 65 of Plaintiff's Third Amended Complaint, Defendant lacks sufficient information and belief and, therefore, denies the allegations contained therein.

58.     In answer to Paragraph 66 of Plaintiff's Third Amended Complaint, Defendant hereby incorporates Paragraphs 1 through 57 from this Answer.

59.     In answer to Paragraph 67 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

60.     In answer to Paragraph 68 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD
AMENDED COMPLAINT

Case Number:  CV11-03588 JF

785841

61.     In answer to Paragraph 69 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

62.     In answer to Paragraph 70 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

63.     In answer to Paragraph 71 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

64.     In answer to Paragraph 72 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

65.     In answer to Paragraph 73 of Plaintiff's Third Amended Complaint, Defendant denies the allegation contained therein.

66.     In answer to Paragraph 74 of Plaintiff's Third Amended Complaint, Defendant hereby incorporates Paragraphs 1 through 65 from this Answer.

67.     In answer to Paragraph 75 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

68.     In answer to Paragraph 76 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

69.     In answer to Paragraph 77 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

70.     In answer to Paragraph 78 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

71.     In answer to Paragraph 79 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

72.     In answer to Paragraph 80 of Plaintiff's Third Amended Complaint, Defendant denies the allegation contained therein.

73.     In answer to Paragraph 81 of Plaintiff's Third Amended Complaint, Defendant hereby incorporates Paragraphs 1 through 72 from this Answer.

74.     In answer to Paragraph 82 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

75.     In answer to Paragraph 83 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

76.     In answer to Paragraph 84 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

77.     In answer to Paragraph 85 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

78.     In answer to Paragraph 86 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Case Number:  CV11-03588 JF

785841

1  ambiguous and incomplete legal conclusion and, based on this, Defendant denies each

2  and every allegation contained therein.

3       79.    In answer to Paragraph 87 of Plaintiff's Third Amended Complaint, Defendant

4  denies the allegation contained therein.

5       80.    In answer to Paragraph 88 of Plaintiff's Third Amended Complaint, Defendant

6  hereby incorporates Paragraphs 1 through 79 from this Answer.

7       81.    In answer to Paragraphs 89 through 105 of Plaintiff's Third Amended

8  Complaint, these Paragraphs do not apply to this answering Defendant, and, on that basis,

9  Defendant denies each and every allegation contained therein.

10      82.    In answer to Paragraph 106 of Plaintiff's Third Amended Complaint,

11 Defendant objects that the language contained therein is an inappropriate, simplistic, vague

12 and ambiguous and incomplete legal conclusion and, based on this, Defendant denies

13 each and every allegation contained therein.

14      83.    In answer to Paragraph 107 of Plaintiff's Third Amended Complaint,

15 Defendant objects that the language contained therein is an inappropriate, simplistic, vague

16 and ambiguous and incomplete legal conclusion and, based on this, Defendant denies

17 each and every allegation contained therein.

18      84.    In answer to Paragraph 108 of Plaintiff's Third Amended Complaint,

19 Defendant objects that the language contained therein is an inappropriate, simplistic, vague

20 and ambiguous and incomplete legal conclusion and, based on this, Defendant denies

21 each and every allegation contained therein.

22      85.    In answer to Paragraph 109 of Plaintiff's Third Amended Complaint,

23 Defendant objects that the language contained therein is an inappropriate, simplistic, vague

24 and ambiguous and incomplete legal conclusion and, based on this, Defendant denies

25 each and every allegation contained therein.

26      86.    In answer to Paragraph 110 of Plaintiff's Third Amended Complaint,

27 Defendant denies the allegation contained therein.

28

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD                Case Number:  CV11-03588 JF
AMENDED COMPLAINT
                                                                 785841

87.     In answer to Paragraph 111 of Plaintiff's Third Amended Complaint, Defendant hereby incorporates Paragraphs 1 through 86 from this Answer.

88.     In answer to Paragraph 112 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

89.     In answer to Paragraph 113 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

90.     In answer to Paragraph 114 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

91.     In answer to Paragraph 115 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

92.     In answer to Paragraph 116 of Plaintiff's Third Amended Complaint, Defendant denies the allegation contained therein.

93.     In answer to Paragraph 117 of Plaintiff's Third Amended Complaint, Defendant hereby incorporates Paragraphs 1 through 92 from this Answer.

94.     In answer to Paragraph 118 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

95.     In answer to Paragraph 119 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Case Number:  CV11-03588 JF

785841

96.     In answer to Paragraph 120 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

97.     In answer to Paragraph 121 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

98.     In answer to Paragraph 122 of Plaintiff's Third Amended Complaint, Defendant denies each and every allegation contained therein.

99.     In answer to Paragraph 123 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

100.    In answer to Paragraph 124 of Plaintiff's Third Amended Complaint, Defendant admits the allegations contained therein.

101.    In answer to Paragraph 125 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

102.    In answer to Paragraph 126 of Plaintiff's Third Amended Complaint, Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

103.    In answer to Paragraph 127 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

104.    In answer to Paragraph 128 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT                    Case Number:  CV11-03588 JF

785841

105.    In answer to Paragraph 129 of Plaintiff's Third Amended Complaint, Defendant objects that the language contained therein is an inappropriate, simplistic, vague and ambiguous and incomplete legal conclusion and, based on this, Defendant denies each and every allegation contained therein.

106.    In answer to Paragraph 130 of Plaintiff's Third Amended Complaint, Defendant denies the allegation contained therein.

107.    In answer to Paragraphs 131 through143 of Plaintiff's Third Amended Complaint, these Paragraphs do not apply to this answering Defendant, and, on that basis, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for a first affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for a second affirmative defense, Defendant alleges that Plaintiff was careless and negligent in and about the matters referred to in the Complaint, and further that Plaintiff failed to exercise ordinary care for Plaintiff's own safety and such carelessness and negligence on the part of Plaintiff proximately caused and contributed to the damage, detriment, or injury sustained by Plaintiff, if any, and that Plaintiff's recovery should therefore be barred or reduced to the extent of Plaintiff's negligence.

### THIRD AFFIRMATIVE DEFENSE

As and for a third affirmative defense, Defendant alleges that any harm Plaintiff suffered was the result of a negligent or otherwise wrongful act and/or conduct of persons other than this answering Defendant and that the conduct of other persons other than this Defendant was the sole and proximate cause of the injuries and damages alleged by Plaintiff.

OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT                              Case Number:  CV11-03588 JF

785841

**FOURTH AFFIRMATIVE DEFENSE**

As and for a fourth affirmative defense, Defendant alleges that all actions taken were undertaken in good faith and with reasonable belief that the actions were valid, necessary, constitutionally proper, and objectively reasonable for a police officer in the same circumstances, entitling Defendant to the Qualified Immunity of Good Faith.

**FIFTH AFFIRMATIVE DEFENSE**

As and for a fifth affirmative defense, Defendant alleges that he is immune from the state law causes of action pursuant to Government Code sections 800-1000, including but not limited to sections 820.2 820.4, 820.8, 821.6, 821.8, and 822.2.

**SIXTH AFFIRMATIVE DEFENSE**

As and for a sixth affirmative defense, Defendant alleges that Plaintiff's Complaint is barred in that Plaintiff failed to comply with the claims filing provision of Government Code section 900, *et seq.*, including but not limited to section 945.6

**SEVENTH AFFIRMATIVE DEFENSE**

As and for a seventh affirmative defense, Defendant alleges that Plaintiff's Complaint is barred by the applicable statutes of limitation.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth affirmative defense, Defendant alleges that Plaintiff has failed to mitigate his damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth affirmative defense, Defendant alleges that the treatment of Plaintiff was lawful and justified under the facts of the case.

**TENTH AFFIRMATIVE DEFENSE**

As and for a tenth affirmative defense, Defendant alleges that the arrest of Plaintiff was performed reasonably and pursuant to the laws of California with respect to the actions of police officers.

**ELEVENTH AFFIRMATIVE DEFENSE**

15

1    As and for an eleventh affirmative defense, Defendant alleges that all actions taken,

2  including actions of Doe Defendants, were undertaken in good faith and with a reasonable

3  belief that the actions were valid, necessary, constitutionally proper and objectively

4  reasonable for a police officer in the same circumstances, entitling the individual

5  Defendants to the qualified immunity of good faith.

6    WHEREFORE, this answering Defendant prays:

7    1.    That Plaintiff take nothing by his Complaint;

8    2.    That Plaintiff's Complaint be dismissed with prejudice;

9    3.    That Defendant be awarded his costs of suit, including attorney's fees incurred

10  herein; and

11    4.    For such other and further relief as the Court deems proper.

12

13                                          Respectfully submitted,

14  Dated:  August 24, 2011                 RICHARD DOYLE, City Attorney

15                                          By:  _/s/ Shannon Smyth-Mendoza_____
16                                               SHANNON SMYTH-MENDOZA
                                                 Sr. Deputy City Attorney

17                                          Attorney for Defendant,
18                                          OFFICER BRET MOISEFF

19                       **DEMAND FOR JURY TRIAL**

20    Defendant OFFICER BRET MOISEFF hereby demands a jury trial in this action.

21

22                                          Respectfully submitted,

23  Dated:  August 24, 2011                 RICHARD DOYLE, City Attorney

24                                          By:  _/s/ Shannon Smyth-Mendoza_____
25                                               SHANNON SMYTH-MENDOZA
                                                 Sr. Deputy City Attorney

26                                          Attorney for Defendant,
27                                          OFFICER BRET MOISEFF

28

                                    16
OFFICER BRET MOISEFF'S ANSWER TO PLAINTIFF'S THIRD          Case Number:  CV11-03588 JF
AMENDED COMPLAINT
                                                                          785841