**The Law Firm Of KALLIS Associates, P.C.**
Advocates, Attorneys, Barristers & Counselors

M. Jeffery Kallis
Direct Dial 408-947-6250
Alaska Bar # 0401060
California Bar # 190028
Washington Bar # 27855

District Judge Yvonne Gonzalez Rogers
United States District Court
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

March 7, 2012

Re:" Velasquez, Victor v. City of Santa Clara, et al.
United States District Court File No. CVII-03588 YGR

Dear Judge Gonzalez Rogers:

Attached is the plaintiff's response to defendant Moiseff's request for leave to file a Motion For Summary Judgment.

Respectfully

*[signature]*

M. Jeffery Kallis
Co-Counsel for Plaintiff

CIVIL LITIGATION
CIVIL RIGHTS
DISCRIMINATION
EMPLOYMENT /TERMINATION
BOATING LAW
MALPRACTICE
MALICIOUS PROSECUTION
WRONGFUL DEATH

BUSINESS LITIGATION
BUSINESS CONTRACT
UNFAIR PRACTICES
PARTNERSHIP LAW
DECEPTIVE ADVERTISING
CIVIL RICO
WAGE & HOUR

CRIMINAL DEFENSE
ASSAULT
BATTERY
DUI
DISTURBING THE PEACE
DRUG POSSESSION
DRUG USAGE
FIREARMS VIOLATIONS
RICO
RESISTING
WHITE COLLAR CRIME

CALIFORNIA
333 W SAN CARLOS ST #800
SAN JOSE, CA 95110
408-971-4655
408-971-4644 FAX

WASHINGTON
13215 -C8 S.E. MILL PLAIN
VANCOUVER, WA 98684
360-433-5932

ALASKA
144 MT. VIEW RD
P O BOX 10524
FAIRBANKS, AK 99710-0524
907-457-6666
907-457-5655 FAX

www.Kallislaw.com

E-Mail
Jeff Kallis
Jeff_Kallis@Kallislaw.com
Jesica Giron
Jesica_Giron@Kallislaw.com
David K Sweet
D K Sweet@Kallislaw.com

District Judge Yvonne Gonzalez Rogers       March 7, 2012
United States District Court
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

                                    Re." **Velasquez, Victor v. City of Santa Clara, et al.**
                                    **United States District Court File No. CV11-03588 YGR**

Dear Judge Gonzalez Rogers:

    This letter is in opposition to the defendant Brett Moiseff's letter to you dated the 5th of March, 2012. Defendant's letter requesting leave to file a MSJ has two very serious flaws.

    First they fail to mention that the second amended complaint was filed after a demurrer was granted and plaintiff was given Court permission to amend the complaint to deal with a Tort Claim Act pleading issue. The pleading issue was resolved in the Third Amended Complaint by adding 1983 claims and dismissing 52.1 and state tort claims. The defendants answered and removed the case to federal court. As part of the amendment allowed by the trial court a 1985 conspiracy claim was inserted against Moiseff for the same incident and actions that were set forth in the tort claim, the original Complaint, the 1st Amended Complaint, and the Second Amended Complaint. Thus the Third Amended Complaint was in response to the defendants Demurrers and the amendments were foreseeable since 42 USC 1983 et.seq. is not subject to a State Tort Claim requirement yet dealt with the exact same incident and circumstances. Amendment to add claim was properly allowed where new claims arose as a direct result of facts surrounding original claim and defendant had fair notice that both disputed transactions were likely to be part of action. *Union P. R. Co. v Nevada Power Co.* (1991, CA9 Nev)

    The defendants removed this action to Federal Court and thus placed the action under the Federal Rules of Civil Procedure. If this case were in state court, where it started, then California Civil Procedure § 474 would apply. The Ninth Circuit has applied § 474 to state claims filed in federal court pursuant to diversity jurisdiction, this case is distinguishable since it involves only federal questions.. *Green Valley Corp. v. Caldo Oil Co.*, 2011 U.S. Dist. LEXIS 88789.

    Defendant tries to confuse the issue by referring to state procedure which only comes into play when federal courts exercises supplemental jurisdiction over state law claims and are bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). When there is a federal question in federal court, federal law applies. When dealing with a federal question if a state procedural rule conflicted with a federal procedural rule, the federal rule generally controlled. *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999). That is the situation that the defendant presents, but with the opposite conclusion.

    Second, Defendant's premise that "the relation back doctrine does not apply in this case as the statute of limitations on the § 1983 claim had run before Plaintiff ever named Defendant Moiseff. Plaintiff cannot relate the federal claim against Defendant Moiseff back to the state claims that are barred" is not supported by current Supreme Court holdings.

    The position defendant takes is that only plaintiff's ignorance of the name of a defendant allows a relation back. This position in federal proceedings has been rendered invalid *Krupski v. Costa Crociene S.p.A.* 130 S.Ct. 2485 (June 2010). Keeping *Krupski* in mind the defendant states:

> Defendant Moiseff's identity was known at the time Plaintiff filed the initial action and First Amended Complaint. Federal courts apply California law regarding the relation back doctrine to claims that are subject to California statutes of limitations. It is very clear that Defendant Moiseff is not a proper "Doe" and thus the amendment on September 16, 2010 was untimely. Although Plaintiff was aware of Defendant Moiseff's identity, he failed to add him as a Defendant until September 16, 2010--two years after the incident giving rise to Plaintiff's

claim. Similar to the rules of federal procedure, California Code of Civil Procedure section 474 states that a suit may only be filed against a fictitiously named defendant whose identity is truly unknown. See FRCP 15(c)(1)(A) & (C). An amendment of a "Doe" defendant is only proper when the plaintiff is genuinely ignorant of the defendant's true name or the facts rendering defendant liable when the complaint was filed. (Woo v. Superior Court (Zarabi) (1999) 75 Cal.App.4th 169, 177; Taito v. Owens Corning (1992) 7 Cal.App.4th 798, 802.)

This position is in direct conflict to *Krupski v. Costa Crociene S.p.A.* 130 S.Ct. 2485 (June 2010) and does not properly state Federal Civil Procedure. *Krupski* negates and eliminates the argument that the plaintiff's knowledge is the relevant factor for the Court to examine. The unanimous Court stated: "Amendment which added a cruise ship line owner in place of an agent of the owner in a passenger's personal injury action was improperly denied relation back under Fed. R. Civ. P. 15(c), since the proper inquiry was whether the owner knew or should have known of the passenger's mistake, not whether the passenger knew of the existence of the owner." Relation back under Fed. R. Civ. P. 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading.

"That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. . . . The only question under Rule 15(c)(1)(C)(ii). . . is whether [the added defendant] knew or should have known that, absent some mistake, the action would have been brought against him." *Krupski,* 130 S. Ct. at 2494. *McAllister v. Hawaiiana Mgmt. Co.,* 2012 U.S. Dist. LEXIS 10516, at *16 (D. Haw. Jan. 30, 2012). Mistake is broadly defined, for example where plaintiff's complaint identified police officer who allegedly falsely arrested plaintiff and correction officer who allegedly attacked plaintiff, plaintiff's failure to name them as defendants in original complaint was considered mistake pursuant to Fed. R. Civ. P. 15. *Colombo v S.C. Dep't of Soc. Servs.* (2004, ED NY).

In this case plaintiff knew the names of all officers but was uncertain as to the role played by Moiseff. Yet, knowing the name of a potential defendant does not mean that a plaintiff can initially associate a potential defendant with specific acts or injuries when the action is first filed. "A plaintiff might know that the prospective defendant exists but nonetheless choose to sue a different defendant based on a misunderstanding about the proper party's identity. That kind of deliberate but mistaken choice should not foreclose a finding that Rule 15(c)(1)(C)(ii)has been satisfied. This reading is consistent with relation back's purpose of balancing the defendant's interests protected by the statute of limitations with the preference of the Federal Rules of Civil Procedure in general, and Rule 15in particular, for resolving disputes on their merits. It is also consistent with the history of Rule 15(c)(1)(C)." *Krupski v. Costa Crociere S.p.A.,* 130 S. Ct. 2485, 2488 (2010)

The defendant also asserts that somehow the Tort Claim Act controls 1983 actions. Their statement is incorrect as the bar to filing a claim, if the requirements of Gov. Code § 900 et.seq. are not met, does not apply to a federal civil rights action under 42 USC 1983, 1985. Hence the Federal claims could have been brought at any time under FRCP § 15 since they are based on the same facts and circumstances.

It is true that state causes of action and common law torts are barred. However, a claim of a violation of a Constitutional Right protected by 42 USC 1983 is not barred by the failure to follow a state claim filing procedure.

Defendant cited *Woo v. Superior Court,* 75 Cal. App. 4th 169, (Cal. App. 4th Dist. 1999) but *Woo* is much broader than they set forth. *Woo* makes it clear "The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed . . . A recognized exception to the general rule is the substitution under section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint. (*Liberty Transport, Inc. v. Harry W. Gorst Co.,* supra, 229 Cal. App. 3d 417, 428; *Kerr-McGee Chemical Corp. v. Superior Court* (1984) 160 Cal. App. 3d 594, 597; . . . **If the requirements of section 474 are satisfied, the amended complaint substituting a new defendant**

**for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed.**" (*Austin v. Massachusetts Bonding & Insurance Co.* (1961) 56 Cal. 2d 596, 599. *Woo at,* 176.

In Velasquez's situation, a tort claim was timely filed, that is within 6 months of the incident, giving Moiseff full notice that he may be a defendant in a Civil Rights law suit. A complaint was filed that set forth facts of a police shooting that Mr. Moiseff was involved in. Second, Mr. Moiseff was in charge of drawing up the operational plan for that shooting and was a participant in the operation in which an unarmed man, with no history of violence and no history of having ever carried weapons in his very long history of arrests and police interactions, was shot in the back of his left hand by a shooter to his rear, shot in the back of his head by the same shooter, shot in the back of his left ear by the same shooter standing behind him. Mr. Velasquez was also shot under his right arm and in his head by two shooters to his right. These shooters are defendants in this action.

All these facts were in the original complaint and the first amended complaint, both of which were filed on the same day. Under the Federal Rules of Civil Procedure § 15, an amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, All of these factors are present in this case.

In *Santana v. Holiday Inns, Inc.*, 686 F.2d 736 (9th Cir. 1982) (*overruled on other grounds by Mayle v. Felix, 125 S. Ct. 2562 (2005)*), "a case in which all the requirements of Rule 15(c) were met, including the requirement that the newly named defendant have notice of the institution of the action within the period of limitations, this court applied Rule 15(c) to save an action that would have been time-barred under state law." *Lindley v. General Electric Co.*, 780 F.2d 797, 801 (9th Cir. Cal. 1986).

Because FRCP § 15 is liberally construed, the amendments to the complaints were allowed by court order and the facts, circumstances and actions are unchanged from the original complaint, it would be incorrect to limit the plaintiffs ability to add a new, but previously known, defendant. Defendants should be denied leave to file a motion for summary judgment at this time.

Respectfully submitted

*M. Jeffery Kallis*
M. Jeffery Kallis
Co-Counsel for Plaintiff