The Law Firm Of

KALLIS & Associates, PC

Advocates, Attorneys, Barristers & Counselors

M. Jeffery Kallis
Direct Dial 408-947-6250
Alaska Bar # 0401060
California Bar # 190028
Washington Bar # 27855

January 27, 2014

The Honorable Paul S. Grewal
United States Magistrate Judge
U.S. District Court for the
Northern District of California - San Jose Division
280 S. First Street
San Jose CA 95110

                           *Velasquez v. City of Santa Clara etal*
                           5:05 CV 03588 PSG

Dear Judge Grewal:

      This letter is meant as a status report in response to the Court's direction for the parties to meet and confer. [ECF Docket No. 119, p. 8:18-9:2]. The parties have attempted to deal with the issue of Mr. Victor Velasquez's appearance at trial. Following the Court's suggestion, plaintiff offered that all three named officers and Mr. Velasquez, appear by video conference and have special limiting instructions on video conferencing given to the jury. This option was not acceptable to the defendants.

      Plaintiff then offered to waive a jury trial. The defendants were not willing to waive the jury. As a result, Plaintiff and defendants require the Court's assistance in resolving this issue so that the real danger of undue prejudice can be avoid. The Parties are requesting either a conference with the court, or if the court prefers, a schedule for a noticed motion on this issue.

      Plaintiff believes that it would be highly prejudicial for the jury to have the three defendants in court and the plaintiff's chair empty. Courts have noted the limitations of videoconferencing in similar situations. *See Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999) ("video conferencing ... is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing").

      Even if there is video conferencing for the plaintiff's appearance, the cost is an excessive burden on a plaintiff who has no income or other means.[1] At the time of trial, Plaintiff may have been relocated to an Arizona state penitentiary, thus making the costs significantly higher. Plaintiff is anticipating that defendants will be the one's paying this cost. However, if that is not the case, requiring plaintiff's counsel to pay such high costs would severely chill the willingness of any future prospective plaintiff's counsel to take cases in which the plaintiff is incarcerated. Such a result would be counter to the purpose of 42 U.S.C. §1988, which is to induce competent counsel to take up civil rights cases.

Federal Rule of Civil Procedure 43 requires that testimony be taken "(a) In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause, in compelling circumstances, and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

---

[1] In *Montes v. Rafalowski* 2012 U.S. Dist LEXIS 87783 the Court ordered the defendants to pay the cost of video conferencing. Plaintiff is assuming that this Court also intended the defendants to pay these cost in this case.

CIVIL LITIGATION
CIVIL RIGHTS
DISCRIMINATION
EMPLOYMENT /TERMINATION
BOATING LAW
MALPRACTICE
MALICIOUS PROSECUTION

BUSINESS LITIGATION
BUSINESS CONTRACT
UNFAIR PRACTICES
PARTNERSHIP LAW
DECEPTIVE ADVERTISING
CIVIL RICO
WAGE & HOUR

CRIMINAL DEFENSE
ASSAULT
BATTERY
DUI
DISTURBING THE PEACE
DRUG POSSESSION
DRUG USAGE
FIREARMS VIOLATIONS
RICO
RESISTING
WHITE COLLAR CRIME

CALIFORNIA
333 W. SAN CARLOS ST., #800
SAN JOSE, CA 95110
408-971-4655
408-971-4644 FAX

WASHINGTON
13215 –C8 S.E. MILL PLAIN
VANCOUVER, WA. 98684
360-433-5932

ALASKA
601 D STREET #1.
FAIRBANKS, AK 99701
MAIL:
607 OLD STEESE HIGHWAY
UNIT B
FAIRBANKS ALASKA 99701
888-441-1529

www:Kallislaw.com

E-Mail
    Jeff Kallis
Jeff_Kallis@Kallislaw.com

    Jesica Giron
Jesica_Giron@Kallislaw.com

"Compelling circumstances justified requiring plaintiff prisoner's witnesses to testify via video teleconferencing; three witnesses presented security threats because they were housed at maximum security prisons and had extensive disciplinary records, and fourth witness was in crisis stabilization program and would not have access to proper mental health support if he were transported to another facility." *Jennings v Bradley* 2011 Fed. App 223 [2011, CA6 Mich). In this case there are no similar compelling circumstances.

There are three direct and unavoidable problems with the use of video vonferencing: 1) the unavailability or unreliability of video conferencing at the prisons where the witness is housed; 2) the jury will be unable to accurately access the credibility of the witnesses if they are allowed to testify by video; and 3) the daily attendance by the defendants and the ability of the jury to see them 8 hours a day, thus obtaining the feeling that they "know the defendants" and the empty chair of the plaintiff will be highly prejudicial.

Plaintiff recognizes that civil plaintiffs in prison have no constitutional right to be personally present at judicial proceedings in a civil case they initiated. *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976); *Hernandez v Whiting*, 881 F.2d 768, 770 (9th Cir. 1989). However, this fact "does not sanction the summary exclusion of a plaintiff-prisoner from the trial of his prison-connected civil rights claim." *Jones v. Hamelman*, 869 F.2d 1023, 1030 (7th Cir. 1989) [citing *Stone*). This Court has discretion to secure a prisoner's presence at trial through the issuance of a writ of habeas corpus ad testificandum. Section 2241(c)(5) of the Judicial Code authorizes the district court to issue a writ of habeas corpus commanding that the prisoner be delivered to the court "to testify or for trial." These writs can be used to get a prisoner into the district court from anywhere in the country. *Barnes v. Black*, 544 F.3d 807, 809 (7th Cir. 2008) (citing cases). In exercising its discretion, the "court must weigh the interest of the plaintiff in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner." *Stone, supra,* 546 F.2d at 735. In balancing these interests, the Seventh Circuit has instructed:

> the district courts should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

*Stone*, 546 F.2d at 735-36.

The case of *Montes v. Rafalowski* 2012 U.S. Dist LEXIS 87783, cite by the court, is distinguishable from this one. Montes was serving a life sentence for murder. Plaintiff is serving an 8 year sentence for drugs sales with enhancements based on possession of nonfunctioning weapons in his home. Montes had numerous violent prison interactions and was housed in and out of the psychiatric unit and was classified as a level IV security risk. Mr. Velasquez is not a security risk beyond the normal level in a prison. Montes based his complaints on activities that occurred while he was in prison. Mr. Velasquez, on the other hand, was not in custody when he was shot in the back.

Courts in this Circuit have used their discretion to issue a writ of habeas corpus ad testificandum to secure the prisoner's presence in court so that he may testify at trial. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 f.n. 1 (9th Cir. 1983); *Greene v. Prunty*, 938 F. Supp. 637, 638 (S.D. Cal. 1996). There are four *Wiggins* factors that the Court must consider. (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. In the present case, Mr. Velasquez, who has never been a violent criminal, poses a minimal security risk.

This Court ordered Mr. Velasquez present for the settlement conference and there was no problem or security concern. Furthermore, Mr. Velasquez has special damages well in excess of $300,000 and has general damages based on the loss of 95% of the use of his left hand, ongoing GI problems that resulted from the abdominal wound he suffered, and headaches from the gunshot wound to the back of his head. Thus, Mr. Velasquez has substantial damages. His testimony on those damages is material and salient. The jury needs to have the same opportunity to get to know Mr. Velasquez as the defendants will have, and the same opportunity to assess his credibility and character. Mr. Velasquez is not scheduled to be released from confinement until 2018, and delaying the trial for that period of time is not reasonable given that the incident occurred 6 years ago, and memories fade and people move on or become unavailable.

In this situation the first factor strongly supports the plaintiff being present based on the fact that Mr. Velasquez's presence will provide the jury an accurate reflection of his character and the injuries he sustained. The second factor was previously raised by defendants, but there is no evidence to conclude that Mr. Velasquez is a substantial security risk. Looking at his previous attendance at settlement conferences and his prior interactions with the Court, his status as a security risk is minimal. As such, this factor should be ignored or discounted. The third factor has not been determined. However, it is more than likely that transporting Mr. Velasquez will be less expensive than having him appear via teleconference for the entirety of the trial. As such the Court cannot conclude that the cost of housing the plaintiff in the County Jail is more or less than the State already pays. The only issue is the transportation from Salinas to Santa Clara and the return transportation cost. Plaintiff is prepared to pay the actual cost to transport Mr. Velasquez, so long as the normal transport procedures are used, and reliable accounting data establishing the actual cost is supplied. The fourth factor strongly favors the plaintiff appearing in person, as the plaintiff will be in custody for 4 more years.

Because plaintiff is willing to pay the cost of transporting the plaintiff from Salinas Valley State Prison to Santa Clara County Jail, and the return transportation costs, and because the cost of incarcerating Mr. Velasquez has not been shown to be different irrespective of his being in a county jail or state prison, the incarceration cost is not a relevant factor in the calculus. The only remaining cost is the cost of courtroom security, which should not increase since U.S. Marshal's are already present for in-custody parties. For these reasons and the lack of compelling circumstances against the issuance of the requested writ, the court should grant the plaintiff's prior request for a Writ Of Habeas Corpus Ad Testificandum.

Respectfully Yours,

M. Jeffery Kallis
Co Counsel for Plaintiff