RANKIN | STOCK | HEABERLIN
A LAW CORPORATION

DAVID J. STOCK
JON A. HEABERLIN
SUJATA T. REUTER
SAMAN N. KHAN

96 NORTH THIRD STREET, SUITE 500
SAN JOSE, CALIFORNIA 95112-7709
TELEPHONE: (408) 293-0463
FACSIMILE: (408) 293-9514
E-MAIL: rankinlaw@rllss.com
WEBSITE: www.rllss.com

MAURICE J. RANKIN
(1888-1975)
G. DAVID LANDSNESS
(1944-1997)

BERNARD P. LAHDE
(Ret.)

January 30, 2014

**Via E-File**

Honorable Paul S. Grewal
c/o U.S. District Court for the Northern District of California
Courtroom 5 - 4th Floor
280 S. First St.
San Jose, CA 95113

Re:   Velasquez v. City of Santa Clara, et al.
      Case No. C 11-03588 PSG

Dear Judge Grewal:

Please allow this correspondence to briefly respond to Plaintiff counsel Jeffrey Kallis' letter dated January 27, 2014, which was e-filed on January 28, 2014 (ECF Document #121).

As the Court may recall, on October 4, 2013, Plaintiff filed a *Request for Order Requiring Appearance At Before and During Trial*. (ECF Document #108). In that *Request*, Plaintiff sought - among other things - an Order requiring the Santa Clara County Jail to house Plaintiff during the trial (which, at the time, was set for October 28, 2013), as well as an Order permitting Plaintiff to be present in the courtroom during the trial proceedings. (ECF Docket #108, p.2:15-25).

Defendants filed a *Response to Plaintiff's Request for Order Requiring Appearance, At Before and During Trial*, contending that an incarcerated prisoner does not have an absolute right to appear at a trial in his or her civil case. (ECF Docket #110, p.2:4-3:4). Defendants also raised the issue of the costs associated with Plaintiff's requests, especially given the resources which would be imposed on third-party County officials and employees - who had not been given an opportunity to weigh-in on Plaintiff's Request. (ECF Docket #110, p.3:11-15, p.4:5-7). Defendants also raised security concerns with allowing Plaintiff to be present in the courtroom in civilian clothing, and without restraints. (ECF Docket #110, p.:3:16-24).

Honorable Paul S. Grewal  January 30, 2014
Velasquez v City of Santa Clara, et al.  Page 2

On December 4, 2013, this Court issued its *Order Denying Cross-Motions for Summary Judgment*. (ECF Docket #119). As part of that *Order*, the Court concluded that the expense and security risks created by Plaintiff's attendance weighed against his personal appearance at trial, and that it would not unfairly prejudice Mr. Velasquez to appear at the trial proceedings via video conference. (ECF Docket #119, p.8:14-18). The Court did order the parties to meet-and-confer, "to discuss possible limiting instructions or whether other witnesses, particularly percipient witnesses, should also appear by videoconference in lieu of making a physical appearance in court." (ECF Docket #119, p.8:18-19:1).

Mr. Kallis is correct that the parties' meet-and-confer efforts were unsuccessful. Plaintiff's proposals seemed to go beyond the type of accommodations implicit in the Court's suggestion. For example, Plaintiff proposed that the *Defendant officers themselves* should be required to testify by videoconference. Plaintiff also suggested the Defendants waive their right to jury trial. Defendants pointed out that they could not agree to such extreme proposals, especially given that Plaintiff had sued the Defendant officers for punitive damages. Defendants offered to open a dialogue toward more aggressive accommodations if Plaintiff agreed to dismiss his punitive damages' claims, but that was not agreeable.

Mr. Kallis' January 27, 2014 letter seemingly seeks to re-litigate the core issue of whether Mr. Velasquez should be permitted to personally attend the trial. Yet, that issue was decided by Your Honor last December. Defendants question whether Mr. Kallis' letter is really the appropriate mechanism to attempt to revisit these issues, instead of a *Motion for Reconsideration*.

Defendants are amenable to a conference with the Court or a scheduled noticed motion, as proposed by Plaintiff. However, Defendants believe that such a conference or motion should be limited to a determination of the *accommodations* the Court was contemplating when it suggested, "possible limiting instructions or whether other witnesses, particularly percipient witnesses, should also appear by videoconference." (ECF #119:8:18-19:2).

Defendants also would like to make clear that they do not believe they are required to pay for any of the costs associated with the videoconferencing or other accommodations for Plaintiff. After all, he is the one who committed crimes which landed him in prison.

Very truly yours,

JON A. HEABERLIN

JAH
cc:  M. Jeffrey Kallis, Esq.
     Steven Berki, Esq.