1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VICTOR VELASQUEZ, | ) | Case No. 5:11-cv-03588-PSG |
| | ) | |
| Plaintiff, | ) | **OMNIBUS ORDER** |
| v. | ) | **RE: MOTIONS IN LIMINE** |
| | ) | |
| CITY OF SANTA CLARA, et al., | ) | **(Re: Docket Nos. 129-145, 147-152,** |
| | ) | **156-170 and 172-173)** |
| Defendants. | ) | |
| | ) | |

Before the court are the parties' motions in limine prior to trial in this Section 1983 case. This order memorializes the court's rulings issued from the bench this afternoon.

## I. LEGAL STANDARDS

### A.  Fed. R. Evid. 401 and 403

Fed. R. Evid. 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable," or if it is of any consequence in resolving the action. Fed. R. Evid. 403 gives the court discretion to exclude relevant evidence "if its probative value is substantially outweighed by a danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

1

United States District Court
For the Northern District of California

## II. DISCUSSION

| MIL | Motion | Result | Reason/Explanation |
|---|---|---|---|
| P₁ | To Prohibit Any Documents or Witnesses Not Produced During Discovery or Under Fed. R. Civ. P. 26 | GRANTED-IN-PART | Any document or witness that was not specifically requested and should have been disclosed under Rule 26 will not be introduced at trial. |
| P₂ | To Prohibit Any Expert Opinion on Ultimate Facts and Legal Conclusions | GRANTED-IN-PART | Experts may testify as to ultimate facts, but not offer conclusions of law.  The court will entertain any appropriate objection and, if necessary, admonish counsel. |
| P₃ | To Prohibit Any Opinion Testimony of Non-Experts | DENIED | The court will permit lay opinion testimony.  To the extent any lay opinion strays into the arena of expert testimony, the court will entertain any appropriate objection. |
| P₄ | To Prohibit Any Expert Testimony on any Issue Not Set Forth in the Mandatory Expert Report or to Presume Facts Exist from an Expert Report | GRANT | The court will not permit an expert to stray from her report. |
| P₅ | To Prohibit Danny Chavez and Robert From Appearing to Testify at Trial, and to Prohibit Any Reference to Danny Chavez and Robert Mecir at Trial | GRANTED-IN-PART | Chavez and Mecir may testify, but those witnesses must each sit for a two-hour deposition upon request and in advance of trial. |
| P₆ | To Allow the Playing of Video and the Use of Other Demonstrative Evidence During Opening Statements | GRANTED | Unopposed.  Velasquez must share demonstrative evidence 24 hours in advance. |
| P₇ | To Require 24 Hour Advance Notice to All Parties of Intended Witness Appearances | DENIED | The court adopts Defendants' suggestion that the parties disclose their intended witnesses by 4:30 p m. each day. |
| P₈ | To Prohibit Witnesses From Attending Trial Until After They Have Testified and Been Released by the Court Except Named Parties | GRANTED | Unopposed. |

2

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

| P9 | To Prohibit the Introduction of Police Reports as Documentary Evidence | **GRANTED** | Unopposed.  Pursuant to the Federal Rules a witness may be refreshed by any writing. |
|---|---|---|---|
| P10 | **Improper Extrapolation or Speculation by Witnesses** | **GRANTED-IN-PART** | 1.   <u>Loss of Richard's CI File</u><br>No speculation on what happened to the file will be permitted.<br><br>2.   <u>Velasquez's Intoxication on the Day of the Incident</u><br>Witnesses may testify that they were told by an informant that Velasquez was a drug user.  Rule 403 concerns are outweighed by the impact of such knowledge on the Defendant officers.<br><br>3.   <u>Whether Velasquez Could Hear Verbal Commands</u><br>Witnesses may testify as to what commands they shouted and how Velasquez responded, but it will be left to the jury to draw any conclusions from Velasquez's response.<br><br>4.   <u>Velasquez's Threats to Shoot it Out</u><br>Because the state of mind of the officers is relevant, Defendant officers may offer testimony about what they had heard about Velasquez.<br><br>5.   <u>The Apparent Drug Transaction</u><br>Witnesses may testify as to what they observed in the parking lot when they saw Velasquez approach the window of another car but it will be left to the jury to draw any conclusions from those observations.<br><br>6.   <u>Whether Velasquez was Armed</u><br>The officers can speak to their state of mind as to whether they believed Velasquez was armed. |
| P11 | **To Prohibit Evidence and Testimony Regarding Plaintiff's Tattoos and Physical Markings** | **DENIED** | Velasquez's tattoos are relevant evidence that goes to Defendants' risk assessment based on Velasquez's gang affiliation.  The probative value of the evidence is significant despite the risk of unfair prejudice.  This evidence will not be excluded on Rule 403 grounds.<br><br>If an officer can testify under oath that he saw a photograph prior to Velasquez's arrest, then the photograph is fair game.  If not the photograph is out. |
| P12 | **To Prohibit Evidence and Testimony Regarding Plaintiff's Desire to Resist and "Shoot it Out" With Police** | **GRANTED-IN-PART** | Defendants may only rely on, and introduce evidence of, what the arresting officers heard prior to the arrest. |

Case No. 5:11-cv-03588-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| P₁₃ | **To Prohibit Evidence and Testimony Regarding Plaintiff's Alleged Gang Affiliation** | **DENIED** | Velasquez's gang affiliation, even if he had not been fully validated by the time of his arrest, is relevant to the reasonableness of the officer's risk assessment at the time of the incident.<br><br>To mitigate prejudice, a jury instruction shall be tendered that Velasquez's gang affiliation shall not guide the jury's decision on ultimate liability in this case.<br><br>Officer Bell shall be made available for a half-day deposition if he will testify at trial. |
| P₁₄ | **To Prohibit Evidence and Testimony Involving Post-Incident Facts and Seizures** | **GRANTED** | Evidence that Velasquez illegally possessed firearms at a different time and in a different location, and that the police did not uncover evidence of these firearms until after the incident is not relevant to prove the state of mind of the Defendant officers at the time of the arrest. The evidence also poses a substantial risk of unfair prejudice. It will not be admitted. If Velasquez argues that he has never illegally possessed firearms, then the evidence may be admitted. |
| P₁₅ | **To Prohibit Cross-Examination Beyond the Scope of Direct Examination** | **DENIED** | Fed. R. Evid. 611(b) grants the court the discretion to permit questioning beyond the scope of direct examination on cross. Here, numerous witnesses have been noticed by the parties. It therefore is sensible to minimize the number of trips each witness must make to court. The parties shall meet-and-confer on this issue. |
| P₁₆ | **To Prohibit Legal Argument During Opening Statements** | **GRANTED** | Unopposed. |
| P₁₇ | **To Allow Jury Members to Visually Inspect the Vehicle Plaintiff was Sitting in When He was Injured** | **GRANTED** | The court will permit an inspection of the car. No testimony or arguments at the site will be permitted. The parties shall meet-and-confer as to a stipulated explanation the court can provide to the jury about the current state of the car. |
| P₁₈ | **To Preclude Testimony and Evidence Concerning Officer Brett Moiseff's Confidential Informant and Her Alleged Statements Made Out of Court** | **DENIED** | The out-of-court statements at issue are not being offered to show the truth of the matter asserted (i.e. Velazquez was armed), but rather their impact on the listener (i.e. whether officers may have received information that informed their subjective belief that Velazquez was armed). |
| P₁₉ | **To Preclude Testimony and Evidence Concerning Gary Cates'/Danny Chavez' Confidential Informant and His/Her Alleged Statements Made Out of Court** | **DENIED** | The out-of-court statements at issue are not being offered to show the truth of the matter asserted (i.e. Velazquez was armed), but rather their impact on the listener (i.e. whether officers may have received information that informed their subjective belief that Velazquez was armed). |

4

**United States District Court**
For the Northern District of California

| | | | |
|---|---|---|---|
| P$_{20}$ | **To Preclude Testimony and Evidence Concerning Officer Brett Moiseff's Confidential Informant and Her Alleged Statements Made Out of Court** | **DENIED** | The out-of-court statements at issue are not being offered to show the truth of the matter asserted (i.e. Velazquez was armed), but rather their impact on the listener (i.e. whether officers may have received information that informed their subjective belief that Velazquez was armed). |
| P$_{21}$ | **To Require Officers to Wear Civilian Clothing and to Allow Plaintiff to Wear Civilian Clothing** | **GRANTED** | Unopposed. |
| P$_{22}$ | **To Preclude Testimony and Evidence Concerning Defendants' SWAT Training and Reaction Time Theories** | **GRANTED** | Defendants may not introduce testimony based on information not disclosed during discovery. If Defendants believed the existing protective order was insufficient, Defendants should have moved to modify the protective order. |
| P$_{23}$ | **To Preclude Testimony and Evidence Concerning Arrests and Charges That Plaintiff Was Not Convicted Of** | **GRANTED-IN-PART** | This motion requires a balancing of the probative nature of previous arrests and charges on the officers' state of mind at the time of the incident as weighed against the prejudicial value of such evidence. Evidence of detentions and arrests that did not lead to criminal charges may not be admitted. Evidence of detentions and arrests that led to filed charges may be admitted. |
| D$_1$ | **To Exclude Evidence of Prior Internal Affairs Investigations and/or Personnel Records** | **GRANTED** | Absent a showing "sufficient to support a finding" that either officer's prior shootings implicate *Monell* claims in this case, evidence of the prior shootings may not be introduced in this case.[1] No such showing has been made in this case. The evidence of the prior shootings may not be offered. |
| D$_2$ | **To Exclude Undisclosed Evidence** | **GRANTED** | Unopposed. |
| D$_3$ | **To Exclude Reference to Sgt. Middlekauff's Band Name** | **GRANTED** | Unopposed. |
| D$_4$ | **To Exclude Hypothetical Possible Alternative Means for Arresting Plaintiff** | **DENIED** | Although it is true that Defendants were not required to use the least intrusive technique to arrest Velazquez, alternatives may nonetheless constitute relevant evidence. As Velazquez points out, to pursue a negligence claim, he must establish what a reasonable person would have done. |

[1] *See* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist.").

5

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| D₅ | **To Exclude Photographs of Plaintiff's Injuries Immediately After the Shooting** | **DENIED** | Because the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice these relevant photographs may be admitted. |
| D₆ | **To Exclude Testimony Regarding Prior Shooting Incidents** | **GRANTED** | Absent a showing "sufficient to support a finding" that either officer's prior shootings implicate *Monell* claims in this case, evidence of the prior shootings may not be introduced in this case.[2]  No such showing has been made in this case.  The evidence of the prior shootings may not be offered to prove the officers' propensity to discharge their weapons inappropriately.[3] |
| D₇ | **To Bifurcate Trial and to Exclude Evidence of Defendants' Financial Condition or Net Worth** | **GRANTED-IN-PART** | The court finds that judicial economy would not be served by bifurcating this case.  The parties and the court will benefit from timely resolution of this case.  No discussion of Defendants net worth will be permitted.  The court will permit Plaintiff to elicit testimony about the Defendants' salary and benefits. |
| D₈ | **To Exclude Reference to the Motions for Summary Judgment** | **GRANTED-IN-PART** | Neither side may reference the court's order denying the parties' cross-motions for summary judgment, but the court will permit reference to declarations from percipient witnesses supporting the parties' summary judgment motions. |
| D₉ | **To Exclude Evidence of Settlement Discussions** | **GRANTED** | Unopposed. |
| D₁₀ | **To Exclude Testimony From Plaintiff's Expert Streed Regarding Defendants' Alleged Failure to Follow POST Guidelines for "Passive Resistance" Subjects** | **DENIED** | Pursuant to the Ninth Circuit's holding in *Sheehan v. City & County of San Francisco* although "the mere fact that an expert disagrees with an officer's actions does not itself compel the conclusion that the officer's actions were unreasonable," a "rational jury may rely upon expert evidence in assessing whether an officer's use of force" was unreasonable.[4] |
| D₁₁ | **To Exclude Evidence That Velasquez Did Not Have a Gun** | **DENIED** | This evidence is relevant to test Defendants' allegations that Velasquez made a sudden movement towards his waistband for a hand gun. |

---

[2] *See* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist.").

[3] *See* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

[4] Case No. 11-cv-16401, 2014 WL 667082, at *10 (9th Cir. Feb. 21, 2014).

Case No. 5:11-cv-03588-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

| | | | |
|---|---|---|---|
| D₁₂ | **To Exclude Evidence of the Defense Experts' Work on High Profile or Controversial Cases** | **DENIED** | Velasquez may elicit testimony on Defendants' expert's prior engagements as an expert witness. The court will not permit any appeal to emotion in this area and will entertain any appropriate objection. |
| D₁₃ | **Exercise of the "Informer's Privilege" to Protect the Identity of the Confidential Informants** | **DENIED** | Because the Defendants failed to formally invoke informer's privilege, the privilege has been waived. The name of the informant shall be revealed. If Defendants do not have information related to the informant's identity in their possession, custody, and control they have no obligation to turn it over. |
| D₁₄ | **To Preclude Plaintiff's Counsel's Reference to his Former Service as an Alaska State Trooper** | **GRANTED-IN-PART** | No reference to Mr. Callis' former service as an Alaska state trooper will be permitted by counsel or any witness in court. At the same time, relevant deposition excerpts may be introduced at trial even though they allude to Callis' former service. |
| D₁₅ | **To Exclude Evidence of Valley Medical Center Billings** | **DENIED** | Because Santa Clara Valley Medical Center may intend to recover the cost of Velasquez's medical bills, the evidence is relevant and will not be excluded from trial at this time.<br><br>If insufficient foundation for this evidence is laid at trial, the court will entertain any appropriate objection at trial. |
| D₁₆ | **To Dismiss Claims Against Police Chief Stephen Lodge** | **DENIED** | Because Defendants' apparent Rule 12(b)(3) motion has not pointed out with adequate sufficiency the shortcomings of Velasquez's complaint as it pertains to Chief Lodge, judgment on the pleadings is not warranted on the eve of trial – even if at least one other court from this district has permitted such a procedure at the motion in limine stage of a case, albeit under unusual facts.[5]<br><br>In this case, Velasquez has alleged that Lodge ratified the unconstitutional conduct at issue and therefore his *Monell* claim survives a motion for judgment on the pleadings. |
| D₁₇ | **To Preclude Testimony by Experts as to Legal Questions** | **DENIED** | Velasquez's experts shall not be precluded from using legal terminology in offering their expert opinion in this case. Experts may confirm the legal standard as part of their testimony. |

---

[5] *See Estate of Bojcic v. City of San Jose*, Case No. 05-cv-3877-RS, 2007 WL 3232221, at *1 (N.D. Cal. Oct. 31, 2007)

In their reply brief in support of the motion for summary judgment, defendants raised for the first time an argument that the fifth claim for relief fails to state a cognizable claim under California law, given the authority of *Munoz v. City of Union City,* 120 Cal. App. 4th 1077 (2004).[4] The Court's order on the motion declined to reach that argument, noting that it would be unfair to plaintiffs to decide the motion on grounds not raised in the moving papers.

Defendants have now again raised the issue of whether the fifth claim for relief states a claim, by way of their motions *in limine.*

Case No. 5:11-cv-03588-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

United States District Court
For the Northern District of California

1   **IT IS SO ORDERED.**

2   Dated: March 11, 2014

3   

4   _____
    PAUL S. GREWAL
    United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case No. 5:11-cv-03588-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE