1
2
3
4
5
6
7

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VICTOR VELAZQUEZ, | ) | Case No. 5:11-cv-03588-PSG |
| | ) | |
| Plaintiff, | ) | **[PROPOSED] FINAL** |
| v. | ) | **JURY INSTRUCTIONS** |
| | ) | |
| CITY OF SANTA CLARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**1. DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**3. RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**4. NON-PERSON PARTY**

A city, the City of Santa Clara, is a party in this lawsuit. The City of Santa Clara is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to the City of Santa Clara.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 5. PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

# 6. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**7. STIPULATIONS OF FACT**

The parties have agreed that the Defendant Officers were acting under color of law as Santa Clara Police Officers.  You should treat this fact as having been proved.

United States District Court
For the Northern District of California

## 8. DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

# 9. TRANSCRIPT OF TAPE RECORDING

You have listened to a tape recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you heard something different from what appears in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 10. IMPEACHMENT

The evidence that a witness has been convicted of a crime or has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**11. EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 12. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**13. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 14. SECTION 1983 CLAIM

Mr. Velasquez brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**A.   SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITIES: ELEMENTS AND BURDENS OF PROOF**

In order to prevail on his Section 1983 claim against the defendants Sergeants Buress, Middlekauff and Richards, Mr.  Velasquez must prove each of the following elements by a preponderance of the evidence:

1.   Sergeants Buress, Middlekauff and/or Richards acted under color of law; and

2.   the acts of Sergeants Buress, Middlekauff and/or Richards deprived Mr. Velasquez of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Sergeants Buress, Middlekauff, and/or Richards acted under color of law.

If you find Mr. Velasquez has proved each of these elements, and if you find that he has proved all the elements he is required to prove under instructions labeled "Particular Rights – Fourth Amendment – Excess Force," your verdict should be for Mr. Velasquez. If, on the other hand, Mr.  Velasquez has failed to prove any one or more of these elements against a defendant, your verdict should be for that defendants.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

1

**B.    SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITIES – ELEMENTS AND BURDENS OF PROOF**

2

In order to prevail on his Section 1983 claim against the supervisory defendant, n Lodge the

3

plaintiff must prove each of the following elements by a preponderance of the evidence:

4

1.    the defendant acted under color of law;

5

2.    the act[s] of the defendant's subordinate[s] Buress, Middlekauff and/or Richards deprived

6

the plaintiff of his particular rights under the United States Constitution as explained in later

instructions; and

7

3.    (a) the defendant knew, or reasonably should have known, that his subordinate[s] were

8

engaging in these act[s] and that their conduct would deprive the plaintiff of these rights; and

9

(b) the defendant failed to act to prevent his subordinate[s] from engaging in such conduct.

10

A person acts "under color of law" when the person acts or purports to act in the

11

performance of official duties under any state, county, or municipal law, ordinance, or regulation.

12

The parties have stipulated that the defendant acted under color of law.

13

If you find Mr. Velasquez has proved each of these elements, and if you find that Mr.

14

Velasquez has proved all the elements he is required to prove under Instruction**s** 16D and 17, your

15

verdict should be for Mr. Velasquez.  If, on the other hand, Mr. Velasquez has failed to prove any

16

one or more of these elements, your verdict should be for the defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

## C.   SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION – ELEMENTS AND BURDEN OF PROOF

In order to prevail on his Section 1983 claim against the City of Santa Clara alleging liability based on ratification by a final policymaker, Mr. Velasquez must prove each of the following elements by a preponderance of the evidence:

1.   Sergeants Buress and / or Middlekauff and / or Richards acted under color of law;

2.   the acts of Sergeants Buress and / or Middlekauff and / or Richards individually or jointly deprived Mr. Velasquez of his particular rights under the United States Constitution as explained in later instructions;

3.   Stephen Lodge acted under color of law;

4.   Stephen Lodge had final policymaking authority from the City of Santa Clara concerning the acts of Sergeant Buress and / or Middlekauff and / or Richards; and

5.   Stephen Lodge ratified the acts of Sergeants Buress and / or Middlekauff and / or Richards and the basis for it, that is, Stephen Lodge knew of and specifically approved of the employee's acts.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Sergeants Buress,  Middlekauff and/or Richards acted under color of law.

If you find Mr. Velasquez has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instructions 16D and 17, your verdict should be for Mr. Velasquez.  If, on the other hand, he has failed to prove any one or more of these elements, your verdict should be for the City of Santa Clara.

United States District Court
For the Northern District of California

**D.**   **SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his Section 1983 claim against the City of Santa Clara alleging liability based on a policy of failure to train its police officers, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the act[s] of Officers Buress and /or Middlekauff and / or Richards deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

2.   Officers Buress and /or Middlekauff and / or Richards acted under color of law;

3.   the training policies of the defendant City of Santa Clara were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.   the defendant City of Santa Clara was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5.   the failure of the defendant City of Santa Clara to provide adequate training caused the deprivation of the plaintiff's rights by Officers Buress and /or Middlekauff and / or Richards; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that of Officers Buress, Middlekauff and/or Richards acted under color of law.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  Mr. Velasquez may prove deliberate indifference in this case by showing that the defendant City of Santa Clara knew its failure to train adequately made it highly predictable that its police officer[s] would engage in conduct that would deprive persons such as Mr. Velasquez of his rights.

If you find Mr. Velasquez has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instructions 16D and 17, your verdict should be for Mr. Velasquez.  If, on the other hand, Mr. Velasquez has failed to prove any one or more of these elements, your verdict should be for the defendants.

18

**16. CAUSATION**

In order to establish that the acts of Mr. Buress, Middlekauff, and/or Richards as well as Stephen Lodge and/or the City of Santa Clara deprived Velasquez of his particular rights under the United States Constitution as explained in later instructions, Mr. Velasquez must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of his rights as to be the moving force that caused the ultimate injury.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 17. PARTICULAR FOURTH AMENDMENT RIGHTS –
## UNREASONABLE SEIZURE OF A PERSON

As previously explained, Velasquez has the burden to prove that the acts of Mr. Buress, Middlekauff, and/or Richards deprived the plaintiff of particular rights under the United States Constitution.  In this case, Mr. Velasquez alleges the Defendants deprived him rights under the Fourth Amendment to the Constitution when Mr. Buress, Middlekauff, and/or Richards in affecting the arrest of Mr. Velasquez.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove a defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      Mr. Buress, Middlekauff, and/or Richards seized the plaintiff's person;

2.      in seizing the plaintiff's person,  Buress,  Middlekauff, and  Richards acted intentionally; and

3.      the seizure was unreasonable.

In general, a seizure of a person is unreasonable under the Fourth Amendment if police officers use excessive force in making a lawful arrest and in defending themselves or others.  Thus, in order to prove an unreasonable seizure in this case, Mr. Velasquez must prove by a preponderance of the evidence that the officers used excessive force when Mr. Buress, Middlekauff and/or Richards arrested him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

**United States District Court**
For the Northern District of California

20

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

- The severity of the crime or other circumstances to which the officers were responding;

- Whether Mr. Velasquez posed an immediate threat to the safety of the officers or to others;

- Whether Mr. Velasquez was actively resisting arrest or attempting to evade arrest by flight;

- The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and

- The type and amount of force used.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# 18. NEGLIGENCE

## A.    ELEMENTS

Mr. Velasquez further claims that he was harmed by Mr. Buress, Middlekauff and/or Richards' individual or joint negligence.  To establish this claim, Mr. Velasquez must prove all of the following:

1. that Mr. Buress, Middlekauff and/or Richards were negligent;

2. that Mr. Velasquez was harmed; and

3. that Mr. Buress, Middlekauff and/or Richards individual or joint negligence was a substantial factor in causing his harm

## B.    BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.  You must decide how a reasonably careful person would have acted in Sergeants Buress and / or Middlekauff and / or Richards' situation.

## C.    COMPARATIVE FAULT OF PLAINTIFF

Mr. Buress, Middlekauff and/or Richards claim that Mr. Velasquez's own negligence contributed to his harm.  To succeed on this claim, Mr. Buress, Middlekauff and/or Richards must prove the following:

1. That Mr. Velasquez was negligent; and

2. That Mr. Velasquez's negligence was a substantial factor in causing his harm.

If Mr. Buress, Middlekauff and/or Richards prove the above, Mr. Velasquez's damages are reduced by your determination of the percentage of Mr. Velasquez's responsibility. I will calculate the actual reduction.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.     SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**E.     ALTERNATIVE CAUSATION**

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused Mr. Velasquez's harm.  If you cannot decide whether Mr. Buress, Middlekauff and/or Richards, caused Mr. Velasquez's harm, you must decide that each of them is responsible for the harm.

However, if Sergeant Buress, Middlekauff and/or Richards individually proves that he did not cause Mr. Velasquez's harm, then you must conclude that that defendant is not responsible.

**F.     CUSTOM OR PRACTICE**

You may consider customs or practices in the law enforcement field in deciding whether Mr. Buress, Middlekauff, and/or Richards acted reasonably.  Customs and practices do not necessarily determine what a reasonable police officer would have done in Mr. Buress, Middlekauff, and/or Richards's situation.  They are only factors for you to consider.  Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**19. BATTERY BY PEACE OFFICER**

**A.    ELEMENTS**

Mr. Velasquez further claims that Mr. Buress, Middlekauff and/or Richards harmed him by using unreasonable force to arrest him.  To establish this claim, Mr. Velasquez must prove all of the following:

1.    that Mr. Buress, Middlekauff and/or Richards intentionally touched Mr. Velasquez;

2.    that Mr. Buress, Middlekauff and/or Richards used unreasonable force to arrest Mr. Velasquez;

3.    that Mr. Velasquez did not consent to the use of that force;

4.    that Mr. Velasquez was harmed; and

5.    that Mr. Buress, Middlekauff and/or Richards individual or joint use of unreasonable force was a substantial factor in causing Mr. Velasquez's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Mr. Buress, Middlekauff and/or Richards used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Mr. Buress, Middlekauff and/or Richards', positions under the same or similar circumstances.  You should consider, among other factors, the following:

- The seriousness of the crime at issue;

- Whether Mr. Velasquez reasonably appeared to pose an immediate threat to the safety of

- Sergeants Buress and / or Middlekauff and / or Richards or others; and

- Whether Mr. Velasquez was actively resisting arrest or attempting to evade arrest.

**B.    INTENT**

Mr. Buress, Middlekauff and/or Richards acted intentionally if they intended to commit a battery or if they were substantially certain that the battery would result from their conduct.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 20. NO DUTY FOR OFFICERS TO RETREAT

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 21. SELF-DEFENSE / DEFENSE OF OTHERS

Mr. Buress, Middlekauff and/or Richards claim that they are not responsible for Mr. Velasquez's harm because they were acting in self-defense and/or defense of another.  To succeed, Mr. Buress, Middlekauff and/or Richards must prove both of the following:

1.      that Mr. Buress, Middlekauff, and/or Richards reasonably believed that Mr. Velasquez was going to harm Mr. Buress, Richards and/or Middlekauff and/or another; and

2.      that Mr. Buress, Middlekauff and/or Richards used only the amount of force that was reasonably necessary to protect Mr. Buress, Middlekauff and/or Richards f and/or another

## 22. ASSAULT- ESSENTIAL FACTUAL ELEMENTS

Mr. Velasquez further claims that Defendants Mr. Buress, Middlekauff and/or Richards

assaulted him.  To establish this claim, Mr. Velasquez must prove all of the following:

1.   that defendants Mr. Buress, Middlekauff and/or Richards acted, intending to cause harmful or offensive contact;

2.   that Mr. Velasquez reasonably believed that he was about to be touched in a harmful or an offensive manner;

3.   that Mr. Velasquez did not consent to defendant Mr. Buress, Middlekauff and/or Richards' conduct;

4.   that Mr. Velasquez was harmed; and

5.   that Defendant Mr. Buress, Middlekauff and/or Richards's conduct was a substantial factor in causing Mr. Velasquez' harm.

A touching is offensive if it offends a reasonable sense of personal dignity.

To prove assault and battery by a police officer, Mr. Velasquez must prove the force used

was unreasonable.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 23. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**A.      ESSENTIAL FACTUAL ELEMENTS**

Mr. Velasquez claims that Mr. Buress, Middlekauff and/or Richards individual and or joint conduct caused him to suffer severe emotional distress.  To establish this claim, Mr. Velasquez must prove all of the following:

1.      that Mr. Buress, Middlekauff and/or Richards individual or joint conduct was outrageous;

2.      that Mr. Buress, Middlekauff and/or Richards intended to cause Mr. Velasquez emotional distress; or that Mr. Buress, Middlekauff and/or Richards acted with reckless disregard of the probability that Mr. Velasquez would suffer emotional distress, knowing that Mr. Velasquez was present when the conduct occurred;

3.      that Mr. Velasquez suffered severe emotional distress; and

4.      that Mr. Buress, Middlekauff and/or Richards individual or joint conduct was a substantial factor in causing Mr. Velasquez's severe emotional distress.

**B.      OUTRAGEOUS CONDUCT DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Sergeant Buress and / or Middlekauff and / or Richards individual or joint conduct was outrageous, you may consider, among other factors, the following:

Whether Sergeants Buress and / or Middlekauff and / or Richards abused a position of authority or a relationship that gave them real or apparent power to affect Mr. Velasquez's interests;

Whether Sergeants Buress and / or Middlekauff and / or Richards knew that Mr. Velasquez was particularly vulnerable to emotional distress; and

Whether Sergeants Buress and / or Middlekauff and / or Richards knew that their conduct would likely result in harm due to mental distress.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## C.  SEVERE EMOTIONAL DISTRESS DEFINED

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. "Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  Mr. Velasquez is not required to prove physical injury to recover damages for severe emotional distress.

Mr. Buress, Middlekauff and/or Richards claim that they are not responsible for Mr. Velasquez's harm, if any, because Mr. Buress, Middlekauff and/or Richards conduct was permissible. To succeed, Mr. Buress, Middlekauff and/or Richards must prove all of the following:

1.      that Mr. Buress, Middlekauff and/or Richards were exercising their legal right to perform an arrest;

2.      that Mr. Buress, Middlekauff and/or Richards individual or joint conduct was lawful and consistent with community standards; and

3.      that Mr. Buress, Middlekauff and/or Richards had a good-faith belief that they had a legal right to engage in the conduct.

If you find all of the above, then Mr. Buress, Middlekauff and/or Richards individual or joint conduct was permissible.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**24. BANE ACT – ESSENTIAL ELEMENTS**

Mr. Velasquez claims that Mr. Buress, Middlekauff and/or Richards intentionally interfered with his civil rights by threats, intimidation, or coercion.  To establish this claim, Mr. Velasquez must prove all of the following:

1.    Mr. Buress, Middlekauff and/or Richards interfered with, or attempted to interfere with Mr. Velasquez's constitutional rights;

2.    Mr. Velasquez reasonably perceived that the interference, or attempted interference, accomplished via threats, intimidation or coercion;

3.    Mr. Velasquez was harmed; and

4.    That Mr. Buress, Middlekauff and/or Richards conduct was a substantial factor in causing plaintiff's harm.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

1

**25. VICARIOUS LIABILITY FOR ASSAULT, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF THE BANE**

2

An employer is responsible for harm caused by the wrongful conduct of its employees

3

while acting within the scope of their employment.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

## 26. TORT LIABILITY ASSERTED AGAINST PRINCIPAL

**A.    ESSENTIAL FACTUAL ELEMENTS**

Mr. Velasquez claims that he was harmed by Mr. Buress, Middlekauff and/or Richards' individual or joint negligence, battery, intentional infliction of emotional distress and excess force.

Mr. Velasquez also claims that the City of Santa Clara is responsible for the harm because Mr. Buress, Middlekauff and/or Richards, were acting as its employees when the incident occurred.

If you find that Mr. Buress, Middlekauff and/or Richards' negligence, battery, intentional infliction of emotional distress, and/or excess force harmed Mr. Velasquez, then you must decide whether the City of Santa Clara is responsible for the harm. The City of Santa Clara is responsible if Mr. Velasquez proves both of the following:

1.      that Mr. Buress, Middlekauff and/or Richards were the City of Santa Clara's employee; and

2.      that Mr. Buress, Middlekauff and/or Richards were acting within the scope of their employment when they harmed Mr. Velasquez.

**B.    LEGAL RELATIONSHIP NOT DISPUTED**

In this case Sergeant Buress and / or Middlekauff and / or Richards were the employees of the City of Santa Clara. If you find that Sergeants Buress and / or Middlekauff and / or Richards were acting within the scope of their employment when the incident occurred, then the City of Santa Clara is responsible for any harm caused by Sergeants Buress and / or Middlekauff and / or Richards' negligence, battery, intentional infliction of emotional distress, violation of the Bain Act and excess force.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 27. RATIFICATION

Mr. Velasquez claims that the City of Santa Clara is responsible for the harm caused by Mr.

Buress, Middlekauff and/or Richards individual and or joint conduct, because it approved that

conduct after it occurred.  If you find that Mr. Buress, Middlekauff and/or Richards harmed

Mr. Velasquez, you must decide whether the City of Santa Clara approved that conduct. To

establish his claim, Mr. Velasquez must prove all of the following:

1.    that Mr. Buress, Middlekauff and/or Richards intended to act on behalf of the City of Santa
      Clara;

2.    that the City of Santa Clara learned of Mr. Buress, Middlekauff and/or Richards individual
      and or joint conduct after it occurred; and

3.    that the City of Santa Clara approved Mr. Buress, Middlekauff and/or Richards individual
      and or joint conduct.

Approval can be shown through words, or it can be inferred from a person's conduct.

Approval can be inferred if a person voluntarily keeps the benefits of its employee's unauthorized

conduct after it learns of the unauthorized conduct.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**28. SCOPE OF EMPLOYMENT – PEACE OFFICER'S MISUSE OF AUTHORITY**

In order to recover under battery, assault, or negligence theories, Mr. Velasquez must prove that Mr. Buress, Middlekauff and/or Richards were acting within the scope of their employment when Mr. Velasquez was harmed.

The conduct of a peace officer is within the scope of his employment as a peace officer if all of the following are true:

1.      the conduct occurs while the peace officer is on duty as a peace officer;

2.      the conduct occurs while the peace officer is exercising his authority as a peace officer; and

3.      the conduct results from the use of his authority as a peace officer.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 29. DAMAGES

**A.    PROOF**

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Velasquez, you must determine his damages.  Mr. Velasquez has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

- The nature and extent of the injuries;
- The mental, physical, and/or emotional pain and suffering experienced; and
- The reasonable value of necessary medical care, treatment, and services received to the
- present time;

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**B.    MITIGATION**

Mr. Velasquez has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Mr. Buress, Middlekauff and/or Richards, and the City of Santa Clara have the burden of proving by a preponderance of the evidence:

1.    that Mr. Velasquez failed to use reasonable efforts to mitigate damages; and

2.    that the amount by which damages would have been mitigated.

## C.   NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## D.   ACTS OF VIOLENCE--RALPH ACT--ESSENTIAL FACTUAL ELEMENTS

Mr. Velasquez claims that Officers Buress, and / or Middlekauff, and / or Richards committed an act of violence against him because of his race or ancestry.  To establish this claim, Mr. Velasquez must prove all of the following:

1. That Officers Buress, and / or Middlekauff, and /  Richards  committed a violent act against Mr. Velasquez or his property;

2. That a motivating reason for Officers Buress, and / or  Middlekauff, and / or Richards's individual or joint conduct was their perception of Mr. Velasquez's race or ancestry;

3. That Mr. Velasquez was harmed; and

4. That Officers Buress, and / or Middlekauff, and / or Richards's individual or joint conduct was a substantial factor in causing Mr. Velasquez's harm.

## E.   RALPH ACT--DAMAGES AND PENALTY AND BANE ACT

If you decide that Mr. Velasquez has proved that Officers Buress,  Middlekauff, and Richards violated Plaintiff's constitutional rights either through threats, intimidation, coercion, or actual violence, and that this was motivated by racial animus, then you must award the following:

1. Actual damages sufficient to reasonably compensate Mr. Velasquez for the harm;

2. A civil penalty of $25,000; and

3. Punitive damages.

Mr. Velasquez must prove the amount of his actual damages.  However, Mr. Velasquez does not have to prove the exact amount of the harm or the exact amount of damages that will

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following are the specific items of actual damages claimed by Mr. Velasquez:

Lost future wages $100,000
General damages (Pain and suffering) $337,442
Medical Expenses of $337,442.84

## F.    DAMAGES FROM MULTIPLE DEFENDANTS

In this case, Plaintiff Mr. Velasquez seeks damages from more than one defendant. You must determine the liability of each defendant to Plaintiff Mr. Velasquez separately. If you determine that more than one defendant is liable to Plaintiff Mr. Velasquez for damages, you will be asked to find Plaintiff's total damages and Plaintiff's comparative fault if any. In deciding on the amount of damages, consider only Plaintiff's claimed losses. Do not attempt to divide the damages among the defendants. The allocation of responsibility for payment of damages among multiple defendants is to be done by the court after you reach your verdict.

## G.    DAMAGES ON MULTIPLE LEGAL THEORIES

Mr. Velasquez seeks damages from defendants Mr. Buress, Middlekauff and/or Richards, Chief Stephen Lodge and the City of Santa Clara under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged. You will be asked to decide whether Officers Buress, Middlekauff, Richards, Chief Stephen Lodge and/or the City of Santa Clara are liable to Mr. Velasquez under the following legal theories:

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

1.       Violation of Fourth Amendment – Excessive Force (Mr. Buress, Middlekauff and/or Richards);

2.       Public Entity Liability – Failure to Train (City of Santa Clara);

3.       Ratification Claim Against Supervisory Defendants in Individual Capacity (Mr. Stephen Lodge);

4.       Violation of the Bane Act (Mr. Buress, Middlekauff and/or Richards);

5.       Battery By Peace Officer (Mr. Buress, Middlekauff and/or Richards);

6.       Assault (Mr. Buress, Middlekauff and/or Richards);

7.       Negligence (Mr. Buress, Middlekauff and/or Richards);

8.       Intentional Infliction of Emotional Distress (Mr. Buress, Middlekauff and/or Richards).

      The following items of damages are recoverable only once under all of the above legal theories:

1.       future economic loss including loss of earning capacity and future mpedical expenses; and

2.       past noneconomic loss, including physical pain and mental suffering.

**IT IS SO ORDERED.**

Dated: April 4, 2014

                               PAUL S. GREWAL
                               United States Magistrate Judge