United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VICTOR VELAZQUEZ, | ) | Case No. 5:11-cv-03588-PSG |
| Plaintiff, | ) | |
| v. | ) | **[PROPOSED] FINAL** |
| | ) | **JURY INSTRUCTIONS** |
| CITY OF SANTA CLARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**1. DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**United States District Court**
For the Northern District of California

**3. RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**4. NON-PERSON PARTY**

A city, the City of Santa Clara, is a defendant in this lawsuit.  Defendant City of Santa Clara is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to the City of Santa Clara.

**5. PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

# 6. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**7. STIPULATIONS OF FACT**

The parties have agreed that each of the defendant officers were acting under color of law as Santa Clara Police Officers.  You should treat this fact as having been proved.

## 8. DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**9. TRANSCRIPT OF RECORDING**

You have listened to recordings that have been received in evidence.  During your deliberations, each of you will be given a transcript of each recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you heard something different from what appears in the transcript, what you heard is controlling.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**10. IMPEACHMENT**

The evidence that a witness has been convicted of a crime or has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**11. EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**12. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

# 13. SECTION 1983 CLAIM

Plaintiff Victor Velasquez brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## A.   SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITIES: ELEMENTS AND BURDENS OF PROOF

In order to prevail on his Section 1983 claim against Defendants Steve Buress, Craig Middlekauff and Nick Richards, Velasquez must prove each of the following elements by a preponderance of the evidence:

1.   Buress, Middlekauff and/or Richards acted under color of law; and

2.   the acts of Buress, Middlekauff and/or Richards deprived Velasquez of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Buress, Middlekauff and/or Richards acted under color of law.

If you find Velasquez has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction No. 16 your verdict should be for Velasquez. If, on the other hand, Velasquez has failed to prove any one or more of these elements against a defendant, your verdict should be for that defendant.

**B.**     **SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON RATIFICATION – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his Section 1983 claim against the City of Santa Clara alleging liability based on ratification by a final policymaker, Velasquez must prove each of the following elements by a preponderance of the evidence:

1.     Buress, Middlekauff and / or Richards acted under color of law;

2.     the acts of  Buress and / or Middlekauff and / or Richards individually or jointly deprived Velasquez of his particular rights under the United States Constitution as explained in later instructions;

3.     Lodge acted under color of law;

4.     Lodge had final policymaking authority from the City of Santa Clara concerning the acts of Buress, Middlekauff and / or Richards; and

5.     Lodge ratified the acts of Buress, Middlekauff and / or Richards and the basis for it, that is, Lodge knew of and specifically approved of the employee's acts.

If you find Velasquez has proved each of these elements, and if you find that he has proved all the elements he is required to prove under Instruction No. 16, your verdict should be for Velasquez.  If, on the other hand, he has failed to prove any one or more of these elements, your verdict should be for the City of Santa Clara.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

C. **SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON POLICY OF FAILURE TO TRAIN – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his Section 1983 claim against the City of Santa Clara alleging liability based on a policy of failure to train its police officers, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the act[s] of Buress, Middlekauff and / or Richards deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions;

2. Buress, Middlekauff and / or Richards acted under color of law;

3. the training policies of Defendant City of Santa Clara were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4. City of Santa Clara was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5. the failure of City of Santa Clara to provide adequate training caused the deprivation of the plaintiff's rights by Officers  Buress, Middlekauff and / or Richards; that is, the City of Santa Clara's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  Velasquez may prove deliberate indifference in this case by showing that City of Santa Clara knew its failure to train adequately made it highly predictable that its police officer[s] would engage in conduct that would deprive persons such as Velasquez of his rights.

If you find Velasquez has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction. No. 16, your verdict should be for Velasquez.  If, on the other hand, Velasquez has failed to prove any one or more of these elements, your verdict should be for the defendants.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

### 16. PARTICULAR FOURTH AMENDMENT RIGHTS –
### UNREASONABLE SEIZURE OF A PERSON BY MEANS OF EXCESSIVE FORCE

As previously explained, Velasquez has the burden to prove that the acts of Buress, Middlekauff and/or Richards deprived the plaintiff of particular rights under the United States Constitution.  In this case, Velasquez alleges the Defendants deprived him rights under the Fourth Amendment to the Constitution when Buress, Middlekauff and/or Richards in affecting the arrest of Velasquez.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove a defendant deprived him of this Fourth Amendment right, Velasquez must prove the following additional elements by a preponderance of the evidence:

1.      Buress, Middlekauff and/or Richards seized the plaintiff's person;

2.      in seizing his person,  Buress,  Middlekauff and  Richards acted intentionally; and

3.      the seizure was unreasonable.

In general, a seizure of a person is unreasonable under the Fourth Amendment if police officers use excessive force in making a lawful arrest and in defending themselves or others.  Thus, in order to prove an unreasonable seizure in this case, Velasquez must prove by a preponderance of the evidence that the officers used excessive force when Buress, Middlekauff and/or Richards arrested him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

- The severity of the crime or other circumstances to which the officers were responding;

- Whether Velasquez posed an immediate threat to the safety of the officers or to others;

- Whether Velasquez was actively resisting arrest or attempting to evade arrest by flight;

- The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and

- The type and amount of force used.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**17. CAUSATION**

In order to establish that the acts of Buress, Middlekauff and/or Richards as well as the City of Santa Clara deprived Velasquez of his particular rights under the United States Constitution as explained in later instructions, Velasquez must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of his rights as to be the moving force that caused the ultimate injury.

# 18. NEGLIGENCE

## A.    ELEMENTS

Velasquez further claims that he was harmed by Buress, Middlekauff and/or Richards'

individual or joint negligence.  To establish this claim, Velasquez must prove all of the following:

1.   that Buress, Middlekauff and/or Richards were negligent;

2.   that Velasquez was harmed; and

3.   that Buress, Middlekauff and/or Richards individual or joint negligence was a substantial factor in causing his harm

## B.    BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A

person can be negligent by acting or by failing to act.  A person is negligent if he or she does

something that a reasonably careful person would not do in the same situation or fails to do

something that a reasonably careful person would do in the same situation.  You must decide how a

reasonably careful person would have acted in Buress, Middlekauff and / or Richards' situation.

## C.    COMPARATIVE FAULT OF PLAINTIFF

Buress, Middlekauff and/or Richards claim that Velasquez' own negligence contributed to

his harm.  To succeed on this claim, Buress, Middlekauff and/or Richards must prove the

following:

1.    That Velasquez was negligent; and

2.    That Velasquez' negligence was a substantial factor in causing his harm.

If Buress, Middlekauff and/or Richards prove the above, Velasquez' damages are reduced

by your determination of the percentage of Velasquez' responsibility. I will calculate the actual

reduction.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**D.      SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**E.      ALTERNATIVE CAUSATION**

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused Velasquez' harm.  If you cannot decide whether Buress, Middlekauff and/or Richards, caused Velasquez' harm, you must decide that each of them is responsible for the harm.

However, if Buress, Middlekauff and/or Richards individually proves that he did not cause Velasquez' harm, then you must conclude that that defendant is not responsible.

**F.      CUSTOM OR PRACTICE**

You may consider customs or practices in the law enforcement field in deciding whether Buress, Middlekauff and/or Richards acted reasonably.  Customs and practices do not necessarily determine what a reasonable police officer would have done in Buress, Middlekauff and/or Richards' situation.  They are only factors for you to consider.  Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 19. BATTERY BY PEACE OFFICER

**A.      ELEMENTS**

Velasquez further claims that Buress, Middlekauff and/or Richards harmed him by using unreasonable force to arrest him.  To establish this claim, Velasquez must prove all of the following:

1.      that Buress, Middlekauff and/or Richards intentionally touched Velasquez;

2.      that Buress, Middlekauff and/or Richards used unreasonable force to arrest Velasquez;

3.      that Velasquez did not consent to the use of that force;

4.      that Velasquez was harmed; and

5.      that Buress, Middlekauff and/or Richards individual or joint use of unreasonable force was a substantial factor in causing Velasquez' harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Buress, Middlekauff and/or Richards used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Buress, Middlekauff and/or Richards', positions under the same or similar circumstances.  You should consider, among other factors, the following:

- The seriousness of the crime at issue;

- Whether Velasquez reasonably appeared to pose an immediate threat to the safety of

-  Buress, Middlekauff and / or Richards or others; and

- Whether Velasquez was actively resisting arrest or attempting to evade arrest.

**B.      INTENT**

Buress, Middlekauff and/or Richards acted intentionally if they intended to commit a battery or if they were substantially certain that the battery would result from their conduct.

United States District Court
For the Northern District of California

## 20. ASSAULT

Velasquez further claims that Buress, Middlekauff and/or Richards assaulted him.  To establish this claim, Velasquez must prove all of the following:

1.  that Buress, Middlekauff and/or Richards acted, intending to cause harmful or offensive contact;

2.  that Velasquez reasonably believed that he was about to be touched in a harmful or an offensive manner;

3.  that Velasquez did not consent to defendant Buress, Middlekauff and/or Richards' conduct;

4.  that Velasquez was harmed; and

5.  that Buress, Middlekauff and/or Richards's conduct was a substantial factor in causing Velasquez' harm.

A touching is offensive if it offends a reasonable sense of personal dignity.

To prove assault and battery by a police officer, Velasquez must prove the force used was unreasonable.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 21. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**A.     ESSENTIAL FACTUAL ELEMENTS**

Velasquez claims that Buress, Middlekauff and/or Richards individual and or joint conduct caused him to suffer severe emotional distress.  To establish this claim, Velasquez must prove all of the following:

1.     that Buress, Middlekauff and/or Richards individual or joint conduct was outrageous;

2.     that Buress, Middlekauff and/or Richards intended to cause Velasquez emotional distress; or that Buress, Middlekauff and/or Richards acted with reckless disregard of the probability that Velasquez would suffer emotional distress, knowing that Velasquez was present when the conduct occurred;

3.     that Velasquez suffered severe emotional distress; and

4.     that Buress, Middlekauff and/or Richards individual or joint conduct was a substantial factor in causing Velasquez' severe emotional distress.

**B.     OUTRAGEOUS CONDUCT DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Buress, Middlekauff and / or Richards individual or joint conduct was outrageous, you may consider, among other factors, the following:

Whether Buress, Middlekauff and / or Richards abused a position of authority or a relationship that gave them real or apparent power to affect Velasquez' interests;

Whether Buress, Middlekauff and / or Richards knew that Velasquez was particularly vulnerable to emotional distress; and

Whether Buress, Middlekauff and / or Richards knew that their conduct would likely result in harm due to mental distress.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## C. SEVERE EMOTIONAL DISTRESS DEFINED

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. "Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Velasquez is not required to prove physical injury to recover damages for severe emotional distress.

Buress, Middlekauff and/or Richards claim that they are not responsible for Velasquez' harm, if any, because their conduct was permissible. To succeed, Buress, Middlekauff and/or Richards must prove all of the following:

1.   that Buress, Middlekauff and/or Richards were exercising their legal right to perform an arrest;

2.   that Buress, Middlekauff and/or Richards individual or joint conduct was lawful and consistent with community standards; and

3.   that Buress, Middlekauff and/or Richards had a good-faith belief that they had a legal right to engage in the conduct.

If you find all of the above, then Buress, Middlekauff and/or Richards individual or joint conduct was permissible.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 22. BANE ACT – ESSENTIAL FACTUAL ELEMENTS

Velasquez claims that Buress, Middlekauff and/or Richards intentionally interfered with his civil rights by threats, intimidation, or coercion.  To establish this claim, Velasquez must prove all of the following:

1.    Buress, Middlekauff and/or Richards interfered with, or attempted to interfere with Velasquez' constitutional rights;

2.    Velasquez reasonably perceived that the interference, or attempted interference, accomplished via threats, intimidation or coercion;

3.    Velasquez was harmed; and

4.    That Buress, Middlekauff and/or Richards conduct was a substantial factor in causing plaintiff's harm.

26

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 23.   RALPH ACT--ESSENTIAL FACTUAL ELEMENTS

Velasquez claims that Buress, Middlekauff and /or Richards committed an act of violence against him because of his race or ancestry.  To establish this claim, Velasquez must prove all of the following:

1. That Buress, Middlekauff and / or Richards committed a violent act against Velasquez or his property;

2. That a motivating reason for Buress, Middlekauff and / or Richards' individual or joint conduct was their perception of Velasquez' race or ancestry;

3. That Velasquez was harmed; and

4. That Buress, Middlekauff and / or Richards's individual or joint conduct was a substantial factor in causing Velasquez' harm.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**24. NO DUTY FOR OFFICERS TO RETREAT**

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 25. SELF-DEFENSE / DEFENSE OF OTHERS

Buress, Middlekauff and/or Richards claim that they are not responsible for Velasquez's harm because they were acting in self-defense and/or defense of another.  To succeed, Buress, Middlekauff and/or Richards must prove both of the following:

1.     that Buress, Middlekauff and/or Richards reasonably believed that Velasquez was going to harm Buress, Richards and/or Middlekauff and/or another; and

2.     that Buress, Middlekauff and/or Richards used only the amount of force that was reasonably necessary to protect Buress, Middlekauff Richards and/or another

United States District Court
For the Northern District of California

## 26. TORT LIABILITY ASSERTED AGAINST PRINCIPAL

**A.     ESSENTIAL FACTUAL ELEMENTS**

Velasquez claims that he was harmed by Buress, Middlekauff and/or Richards' individual or joint negligence, battery, intentional infliction of emotional distress, excess force, and the Ralph and Bane Acts.

Velasquez also claims that the City of Santa Clara is responsible for the harm because Buress, Middlekauff and/or Richards, were acting as its employees when the incident occurred.

If you find that Buress, Middlekauff and/or Richards' negligence, battery, intentional infliction of emotional distress, excess force, and/or the Ralph and Bane Acts. harmed Velasquez, then you must decide whether the City of Santa Clara is responsible for the harm. The City of Santa Clara is responsible if Velasquez proves both of the following:

1.     that Buress, Middlekauff and/or Richards were the City of Santa Clara's employee; and

2.     that Buress, Middlekauff and/or Richards were acting within the scope of their employment when they harmed Velasquez.

**B.     LEGAL RELATIONSHIP NOT DISPUTED**

In this case Buress, Middlekauff and / or Richards were employees of the City of Santa Clara. If you find that  Buress, Middlekauff and / or Richards were acting within the scope of their employment when the incident occurred, then the City of Santa Clara is responsible for any harm caused by Buress, Middlekauff and / or Richards' negligence, battery, intentional infliction of emotional distress, violation of the Bane and Ralph Acts and excessive force.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 27. RATIFICATION

Velasquez also claims that the City of Santa Clara is responsible for the harm caused by Buress, Middlekauff and/or Richards individual and or joint conduct, because it approved that conduct after it occurred.  If you find that Buress, Middlekauff and/or Richards harmed Velasquez, you must decide whether the City of Santa Clara approved that conduct. To establish his claim, Velasquez must prove all of the following:

1.     that Buress, Middlekauff and/or Richards intended to act on behalf of the City of Santa Clara;

2.     that the City of Santa Clara learned of Buress, Middlekauff and/or Richards individual and or joint conduct after it occurred; and

3.     that the City of Santa Clara approved Buress, Middlekauff and/or Richards individual and or joint conduct.

Approval can be shown through words, or it can be inferred from a person's conduct. Approval can be inferred if a person voluntarily keeps the benefits of its employee's unauthorized conduct after it learns of the unauthorized conduct.

United States District Court
For the Northern District of California

## 28. DAMAGES

**A.    PROOF**

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Velasquez, you must determine his damages.  Velasquez has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

- The nature and extent of the injuries;
- The mental, physical, and/or emotional pain and suffering experienced; and
- The reasonable value of necessary medical care, treatment, and services received to the present time;

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**B.    MITIGATION**

Velasquez has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1.    that Velasquez failed to use reasonable efforts to mitigate damages; and

2.    that the amount by which damages would have been mitigated.

**C.    NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

D.      **BANE ACT DAMAGES**

If you decide that Velasquez has proved that Buress, Middlekauff and Richards violated Plaintiff's constitutional rights either through threats, intimidation, coercion, or actual violence, and that this was motivated by racial animus, then you must award the following:

1. Actual damages sufficient to reasonably compensate Velasquez for the harm;

2. A civil penalty of $25,000; and

3. Punitive damages.

Velasquez must prove the amount of his actual damages.  However, Velasquez does not have to prove the exact amount of the harm or the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

E.      **DAMAGES FROM MULTIPLE DEFENDANTS**

In this case, Velasquez seeks damages from more than one defendant. You must determine the liability of each defendant to Velasquez separately. If you determine that more than one defendant is liable to Velasquez for damages, you will be asked to find Velasquez' total damages and Velasquez' comparative fault if any. In deciding on the amount of damages, consider only Velasquez' claimed losses. Do not attempt to divide the damages among the defendants. The allocation of responsibility for payment of damages among multiple defendants is to be done by the court after you reach your verdict.

F.      **PUNITIVE DAMAGES**

If you find for Velasquez, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.  Velasquez has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

1    You may award punitive damages only if you find that Buress, Middlekauff and / or

2  Richards individual and or joint conduct that harmed Velasquez was malicious, oppressive or in

3  reckless disregard of Velasquez' rights.

4    Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

5  injuring Velasquez.  Conduct is in reckless disregard of Velasquez' rights if, under the

6  circumstances, it reflects complete indifference to his safety or rights, or if Buress, Middlekauff

7  and / or Richards act in the face of a perceived risk that their actions will violate Velasquez' rights

8  under federal law. An act or omission is oppressive if Buress, Middlekauff and / or Richards injure

9  or damage or otherwise violate the rights of Velasquez with unnecessary harshness or severity,

10 such as by the misuse or abuse of authority or power or by the taking advantage of some weakness

11 or disability or misfortune of Velasquez.

12   If you find that punitive damages are appropriate, you must use reason in setting the

13 amount.

14   Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

15 should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any

16 punitive damages, consider the degree of reprehensibility of Sergeants Buress, Middlekauff and /

17 or Richards' individual and or joint conduct.

18   You may impose punitive damages against one or more of the defendants and not others,

19 and may award different amounts against different defendants. However, punitive damages may

20 not be awarded against the City of Santa Clara.

### F.    DAMAGES ON MULTIPLE LEGAL THEORIES

21   Velasquez seeks damages under more than one legal theory. However, each item of

22 damages may be awarded only once, regardless of the number of legal theories alleged. You will

23 be asked to decide whether Defendants are liable to Velasquez under the following legal theories:

34

1.    Violation of Fourth Amendment – Excessive Force (Buress, Middlekauff and/or Richards);

2.    Public Entity Liability – Failure to Train (City of Santa Clara);

3.    Public Entity Liability –Ratification (City of Santa Clara);

4.    Violation of the Bane Act (Buress, Middlekauff and/or Richards);

5.    Violation of the Ralph Act (Buress, Middlekauff and/or Richards)

6.    Battery By Peace Officer (Buress, Middlekauff and/or Richards);

7.    Assault (Buress, Middlekauff and/or Richards);

8.    Negligence (Buress, Middlekauff and/or Richards);

9.    Intentional Infliction of Emotional Distress (Buress, Middlekauff and/or Richards).

The following items of damages are recoverable only once under all of the above legal theories:

1.    future economic loss including loss of earning capacity and future medical expenses; and

2.    past noneconomic loss, including physical pain and mental suffering.

**IT IS SO ORDERED.**

Dated: April 4, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:11-cv-03588-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California