UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR VELASQUEZ,<br><br>Plaintiff,<br>v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>Defendants. | Case No.: 5:11-cv-03588-PSG<br><br>**ORDER TAXING COSTS**<br><br>**(Re: Docket No. 304)** |

Following a jury verdict in this Section 1983 case in favor of Defendants City of Santa Clara, Steven Burress, Craig Middlekauff and Stephen Lodge ("City of Santa Clara"),[1] Plaintiff Victor Velasquez seeks further reduction to the Bill of Costs as assessed by the Clerk of Court.[2] City of Santa Clara opposes.[3] The court finds the issue suitable for disposition on the papers pursuant to Civil L.R. 7-1(b).[4]

---

[1] *See* Docket No. 279.

[2] Docket No. 303, 304. City of Santa Clara initially submitted a bill of costs in the amount of $49,600.97. The Clerk reduced the award to $13,938.20.

[3] *See* Docket No. 306.

[4] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1

United States District Court<br>For the Northern District of California

United States District Court
For the Northern District of California

Fed. R. Civ. P. 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."[5]

"District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases."[6] Indigency may amount to a compelling "factor that the district court may properly consider in deciding whether to award costs."[7] The trial court must evaluate whether the imposition of significant "costs on losing civil rights plaintiffs of modest means may chill civil rights litigation"—an area that raises "important issues" without "obvious" answers.[8] Despite this, "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."[9]

---

[5] *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995).

[6] *Id.* (citing *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983).

[7] *See id.* at 1079-80 (citing *National Org. for Women v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982); *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir.1994)).

[8] *See id.* at 1080 ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ.*, 347 U.S. 483 (1954)).

[9] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (characterizing *Stanley* as only holding "that, in the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs), a district court abuses its discretion by failing to conclude that the presumption" has been rebutted and finding that no "such injustice will result from the award of $5,310.55" in the present case).

Case No. 5:11-cv-03588-PSG
ORDER TAXING COSTS

Here, Velasquez urges that taxing costs to the tune of $13,938.20—as determined by the Clerk of Court—would be inequitable.  Velasquez also disputes some of the costs under the local rules.[10]

---

[10] *See* Civil L.R. 54-3.  Standards for Taxing Costs.

(a)  Fees for Filing and Service of Process

    (1)  The Clerk's filing fee is allowable if paid by the claimant.

    (2)  Fees of the marshal as set forth in 28 U.S.C. § 1921 are allowable to the extent actually incurred. Fees for service of process by someone other than the marshal acting pursuant to Fed. R. Civ. P. 4(c), are allowable to the extent reasonably required and actually incurred.

(b)  Reporters' Transcripts

    (1)  The cost of transcripts necessarily obtained for an appeal is allowable.

    (2)  The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.

    (3)  The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

(c)  Depositions

    (1)  The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.

    (2)  The expenses of counsel for attending depositions are not allowable.

    (3)  The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.

    (4)  Notary fees incurred in connection with taking depositions are allowable.

    (5)  The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

(d)  Reproduction and Exemplification

    (1)  The cost of reproducing and certifying or exemplifying government records used for any purpose in the case is allowable.

    (2)  The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable.

    (3)  The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.

    (4)  The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided.

    (5)  The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial.

(e)  Witness Expenses. Per diem, subsistence and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821. No other witness expenses, including fees for expert witnesses, are allowable.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Considering the stakes, the taxing of costs in this case will not chill civil rights litigation in this area.  First, the assessed costs are less than half of those initially sought, and they are modest in light of the damages Velasquez sought at trial.[11]  Second, although Velasquez's financial resources are relevant to this court's analysis, he fails to provide any evidence of his indigence, instead asserting merely that he "would, in all likelihood, be unable to pay the cost award."[12]  Third, *Stanley* and *Save Our Valley* require this court to evaluate whether "severe injustice" would result from an award of costs in a civil rights case.[13]  While every civil rights claim is important, Velasquez's case did not raise broad,  *Brown*-level issues challenging "the boundaries of our laws" that overcome the presumption that Defendants are entitled to costs. [14]  Velasquez instead challenged specific police action that was deemed reasonable and appropriate by a jury of his peers.  The extended nature of the jury deliberations does not change this.[15]

The court's review of costs filed by Defendants and the amounts ultimately taxed by the Clerk show them to be, on-the-whole, warranted.  The court agrees, however, with Velasquez's request for a reduction in costs associated with service of subpoenas.  Civil Local Rule 54-3(a)(2) contemplates fees for service of process but not for service of deposition subpoenas or other court

---

(f)  Fees for Masters and Receivers. Fees to masters and receivers are allowable.

(g)  Costs on Appeal. Such other costs, not heretofore provided for, authorized under Rule 39, Federal Rules of Appellate Procedure, are allowable.

(h)  Costs of Bonds and Security. Premiums on undertaking bonds and costs of providing security required by law, by order of a Judge, or otherwise necessarily incurred are allowable.

[11] *See Docket No. 1-1 at 21-22; cf. Save Our Valley*, 335 F.3d at 946 (hypothesizing that the "district court might have believed that this relatively small sum—$5,310.55—would not "chill" future civil rights litigation" and therefore awarded costs).

[12] Docket No. 304 at 13.

[13] *See Save Our Valley*, 335 F.3d at 945.

[14] *See Stanley*, 178 F.3d at 1080.

[15] *See* Docket No. 279.  Velasquez further argues that "it can be presumed that others who have been shot by police, when they did not possess a weapon, based on a mistaken presumption of a weapon will certainly question litigation if an award such as [this one] is granted."  Docket No. 304 at 12-13.  But Velasquez offers no evidence or case law to support this presumption.

4

Case No. 5:11-cv-03588-PSG
ORDER TAXING COSTS

documents.[16]  The subpoenas at issue in the bill of costs were related to production of documents or witnesses.  Because these costs were not associated with service of process, the total bill of costs will be reduced by $1,236.55.

Costs in the amount of $12,701.65 shall be taxed and included in the judgment.

**IT IS SO ORDERED.**

Dated: September 24, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] *See Carlson v. Century Sur. Co.*, Case No. 11-0356, 2012 U.S. Dist. LEXIS 93194, at *5-*6 (N.D. Cal. 2012) (holding defendant "[could] not tax costs related to the deposition and trial subpoenas"); *see also Avila v. Willits Environment*, Case No. 99-3941, 2009 WL 4254367, at *5 (N.D. Cal. 2009):

> The Court reads [Local Rule 54-3(a)(2)] to only award fees for service of process, which may be in the form of a summons or a writ.  The record indicates that defendants were awarded fees for service of deposition subpoenas as well as various court documents, such as motions, declarations, and case management conference statements.  The Court finds that service of these documents does not constitute 'service of process' under the Local Rule and therefore, these costs are not recoverable.

5

Case No. 5:11-cv-03588-PSG
ORDER TAXING COSTS